Hon. Jefferson P. Kidder, ⎫
⎬ Associate Justices.
Hon. John W. Boyle, ⎭

## United States v. Steam Boat Cora.*

1. *LIBEL:* FILING: SEIZURE UNDER. The libel must aver a seizure of the boat by an officer named in the statute for that purpose, before the same is filed.

2. *BOND:* RECEIVING PROPERTY UNDER: WAIVER. The claimant waived no right in regard to the defense set up by receiving the property on bond. To give the court jurisdiction the statute must be strictly followed.

---

*This is the first written opinion delivered by the Supreme Court of this Territory.                                                                    Reporter.

United States vs. Steam Boat Cora,

*Appeal from Yankton County District Court.*

THIS action is on the admiralty side of the U. S. Court. The District Court, Second Judicial District, June Term, 1867, BARTLETT, C. J., presiding, dismissed the complaint (libel) on the ground that the same did not show a seizure of the boat, by a proper officer, before it was filed. To which decision, the plaintiff excepted, and took an appeal to this court.

The facts are sufficiently stated in the opinion.

*Geo. H. Hand*, U. S. Attorney, for appellant.

Applying for and receiving property on bond is such an acknowledgment of the jurisdiction of the court, as the claimant is not at liberty to controvert. (Conklin's Practice, 554.)

*Wm. L. Joy*, for appellee.

The grounds of jurisdiction must be stated in the libel. (Conklin's Treatise, 343 and 33.) Plaintiff must allege what it is necessary to prove to maintain his action. (Conklin's Treatise, 349.) The fact of seizure is one of the necessary averments in the libel. (Conklin's Treatise, 33; and see also form of libel, 516.) There must have been a valid subsisting seizure at the time the libel was filed, for upon this the jurisdiction of the court depends. (Conklin's Treatise, 457; *The Ann*, 9 Cranch, 289; also same case, 3 Curtis' U. S. Reports, 356; Conklin's Treatise, 353 and 547. See *Lessee of Lanning v. Dolph*, 354, Conklin's Treatise.) The seizure after the libel filed conferred no jurisdiction. (*Brig Ann*, 3 Curtis' U. S. Reports, 356.) The United States courts are courts of limited jurisdiction and can only exercise their powers in the mode prescribed by the statute. (Conklin's Treatise, 355.) The libel must show that the seizure was made by some person authorized to make the same by the statute under which this action is brought, and that it was made upon the grounds designated in the act and at the place where the offense was committed; and as none of these facts

are averred in the libel, there is nothing showing that the court had jurisdiction. Conceding that the court had no jurisdiction by virtue of the seizure, it is contended by the plaintiff that the giving of the delivery bond conferred jurisdiction. The bond takes the place of the thing seized; if the seizure is valid the bond is good; all that is waived by giving the bond is any irregularity in the execution of the process. (2 Conklin's Admiralty Practice, 102; *Brig Ann*, 3 Curtis' U. S. Reports, 356.)

KIDDER, J.—The original libel in this action was filed against the steamboat Cora, commanded by one W. R. Massly, then being upon and navigating the waters of the Missouri river, in this Territory, for introducing into the Indian country spirituous and intoxicating liquors.

At the October term of said court, in 1866, on motion, the plaintiff had leave to amend the original libel, for reasons not herein important to state, which was accordingly done; and when the action finally came on to be heard, the defendant moved to dismiss it for want of jurisdiction in the district court, for the reason that the amended libel did not show a seizure of the boat before the libel was filed.

The original libel was filed on the 14th day of July, 1866, which does not set forth a seizure of the boat in any manner. The amended libel states " that on the 17th day of July, A. D. 1866," the " Marshal of the United States, for the said District of Dakota Territory, did seize the said steamboat Cora," etc.

The only question presented by the bill of exceptions is: Did the court below err in dismissing the action for want of jurisdiction in that court, because the complaint (libel) did not show a seizure of the boat by the proper authorities for a violation of the United States laws before the libel was filed?

I. It is necessary to maintain this action, that the libel should show a valid and existing seizure of the boat, and that that seizure was made by the " Superintendent of Indian Affairs, Indian Agent, or sub-agent, or commanding officer of a military post." (13 Stat. at Large, 29.)

United States vs. Steam Boat Cora.

The seizure should be made by some one of the above named officers in order to make it a *legal* seizure under the United States statute; and the libel should allege that the seizure was made by such an officer.

The original libel was clearly defective as it did not allege that there had been a seizure made by any person; therefore, the necessity of an amendment.

Now as to the amended libel: It shows and alleges a seizure made by the marshal of the territory, only, (and this was three days after the filing of the original complaint) and not by any one of the officers named in the act who are empowered with any authority to make such seizure.

This seizure of the marshal was after the commencement of the action, and he took it under and pursuant to a writ of the court *based* upon the original complaint. The seizure of the marshal under this writ is not a *real* and *legal* seizure of the boat by virtue of the act of congress before referred to. The jurisdiction of United States courts is limited, and these courts can only exercise such powers as are prescribed by statute. (Conklins' Treatise, 355.)

There must have been a valid and existing seizure by one of the officers mentioned in the statute when the original complaint was filed, before the government can sustain this action. (Conklin's Treatise, 343, 349, 457; and cases there cited.)

II.  It was claimed in argument, that as the defendant filed a bond to retake the property after it was seized, that he could not afterwards controvert the jurisdiction of the court in the premises; but, although this question is not properly before us in the record, we are of opinion that the giving of the bond does not waive any right in regard to the defense set up to the *merits* in the action, but would, perhaps, be a waiver to irregularities in the execution of the process. (2 Conklin's Admiralty Practice, 102; *Brig Ann*, 3 Curtis S. C. Reports, 356; and cases there cited.)

We see no error in the record. The judgment of the court below is, therefore,

AFFIRMED.