## ONE BUICK CAR et al. v. STATE.

No. 9776—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

### Intoxicating Liquors—Seizures — Forfeiture of Conveyance.

Reversed and remanded upon confession of error by the Attorney General.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Forfeiture of one Buick car under provisions of the prohibition law, and B. F. Cline, owner, who intervened, brings error. Reversed.

Bridges & Vertrees and Guy Green, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for defendant in error.

KANE, J.   This was a proceeding commenced for the purpose of forfeiting to the state one Buick automobile upon the ground that at the time it was seized it was being used to convey intoxicating liquors in violation of the prohibition laws of the state of Oklahoma.   Upon trial below judgment for forfeiture was rendered as prayed for, to reverse which this proceeding in error was commenced.

In this court the attorney general confesses error as follows:

"The judgment of the lower court, forfeiting this automobile, is attacked on two grounds:   First, that it was an interstate transportation of intoxicating liquors intended for personal use.   Second, that the automobile which was used in transporting such liquors in the state of Oklahoma was let for a lawful purpose to the persons who used it instead for an unlawful purpose; and was let to such persons under circumstances which would not put an ordinary man upon notice that it was intended to be used for such illegal purpose.

"The first ground of objection may be overlooked, for the reason that we think that the judgment is erroneous on the second ground assigned.

"The court did not make a finding of fact in this case, but the only finding which the evidence justifies would have been that the automobile in question was used in the transportation of intoxicating liquors, by one to whom it had been let for an innocent purpose, and its use in such transportation of intoxicating liquors was without the knowledge or consent of the owner, B. F. Cline, the intervener in the court below, and the plaintiff in error in this court.

"That being true, then in pursuant to our views as to the proper construction and interpretation of chapter 188 of the Session Laws of 1917, which we submitted in the case of One Hudson Super-Six Automobile and the First National Bank of Cushing, Intervener, v. The State of Oklahoma, No. 9558, and the decision of this court therein, which was rendered February 3, 1920 (77 Okla. 130, the judgment in this case will, necessarily, have to be reversed."

Upon this confession of error, the judgment of the court below is reversed and the cause remanded.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.