## STURM MOTOR CAR CO. v. STATE.

No. 10440—Opinion Filed Oct. 19, 1920.

Error from County Court, Tulsa County; W. B. Williams, Judge.

Proceeding by the state to forfeit an automobile used in transporting intoxicating liquors, the Sturm Motor Co. intervening. A judgment of forfeiture was rendered, and intervener brings error. Reversed.

Carroll, Mason & Honnold, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for defendant in error.

PER CURIUM. In this case the Attorney General has filed the following confession of error:

"It clearly appears that the intervener in the court below, the Sturm Motor Car Company, and the plaintiff in error in this court, held a bona fide chattel mortgage on the vehicle forfeited to the state, and was without knowledge or notice that it was being used for unlawful purpose. Therefore, under the rule laid down in the case of One Buick Car v. State of Oklahoma, 77 Okla. 233, 188 Pac. 108, and the authorities therein cited, it was error, for the court below to disregard the plea of intervention, and the judgment as to the said intervener will necessarily have to be reversed."

The cause is therefore reversed.

All the Justices concur.

---

## FLEMING AUTOMOBILE CO. et al. v. STATE.

No. 9902—Opinion Filed Oct. 19, 1920.

Error from County Court, Johnson County; C. W. Crowell, Judge.

Proceeding by the State against Fleming Automobile Co., G. B. Church, and one Chevrolet car. A judgment of forfeiture was rendered, and defendants bring error. Reversed.

Cornelius Hardy, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for defendant in error.

PER CURIAM. In this case the Attorney General has filed the following confession of error:

"Under the holding of this court in the cases of One Buick Car v. The State of Oklahoma, 77 Okla. 733, 188 Pac. 108, Boles v. The State of Oklahoma, 77 Okla. 310, 188 Pac. 681, and One Hudson Super Six Automobile v. State, 77 Okla. 130, 187 Pac. 806, the judgment as to the intervener, Fleming Automobile Company, will have to be reversed, as it clearly appears that said company held a valid chattel mortgage upon the automobile forfeited to the state, and was without knowledge and notice that the vehicle was being used for an unlawful purpose."

The cause is therefore reversed.

All the Justices concur.