## ONE HUDSON SUPER-SIX AUTOMOBILE et al. v. STATE.

No. 9558—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

**1. Jury—Right to Jury Trial—Intoxicating Liquors—Forfeiture—Constitutional Law.**

Chapter 188, Session Laws 1917, is not repugnant to the Constitution of the United States nor to the Seventh Amendment thereof, providing that "the right of trial by jury shall be preserved," nor to Section 19 of art. 2, of the Constitution of this state, providing that "the right of trial by jury shall be and remain inviolate," because a jury trial, as to the question whether property seized thereunder was being unlawfully used for conveying intoxicating liquors, is denied.

**2. Appeal and Error—Presumptions — Jurisdiction of County Court—Intoxicating Liquors—Forfeiture of Conveyance.**

Where, under chapter 188, Session Laws 1917, an automobile was seized by an officer without a warrant, for being used in his presence in violation of the prohibitory laws of this state, and a return by such officer was made, as required by law to the county court of the county, which tried the cause and decreed a forfeiture of such car to the state, and during such proceedings no issue as to the value of the car was raised or determined, it will be presumed on appeal that the trial court was clothed with jurisdiction to hear and determine the cause, that the value of the car did not exceed the amount over which the court had jurisdiction.

**3. Statutes—Construction—Intent of Legislature.**

It is a cardinal rule in the construction of statutes that the intention of the Legislature, when ascertained, must govern, and that to ascertain the intent all the various provisions of legislative enactments upon the particular subject should be construed together and given effect as a whole.

**4. Chattel Mortgages—Forfeiture of Mortgagee's Rights in Property Through Act of Another.**

The holder of a valid mortgage upon personal property to secure an existing valid debt cannot forfeit the right to subject the property to the payment of his debt by an act done without his consent or connivance, or that of some person employed or trusted by him.

Error from County Court, Payne County; Wilberforce Jones, Judge.

Forfeiture proceedings against One Hudson Super-Six Automobile, No. 39527, in which W. D. Peyton, as owner, and the First National Bank of Cushing, as mortgagee, intervened. From judgment of forfeiture to State, the latter bring error. Affirmed in part and reversed in part.

Higgins & Berton, for plaintiffs in error.

C. C. Suman, Co. Atty. of Payne County, for defendant in error.

JOHNSON, J. On the 27th day of August, 1917, in the county court of Payne county, in a libel proceeding against one Hudson Super-Six Automobile, No. 39527, judgment was rendered forfeiting said vehicle to the state, because of its use in transporting intoxicating liquors in violation of law. The own-

er of the automobile, one W. D. Peyton, who used it in the illegal transportation of liquor, and the First National Bank of Cushing, which held a chattel mortgage on said machine, intervened and contested the public's right to forfeit the same, and from the aforesaid judgment they have lodged in this court their appeal.

The record discloses that on August 4, 1917, Peyton bought a new Hudson Super-Six automobile and traded in on the purchase price thereof another car (on which there was a mortgage), and that the First National Bank, intervener herein, took up that mortgage and honored Peyton's check for $1,150 and took a mortgage on this new car for the whole amount, $1,545.30, which mortgage was duly filed for record. On the 10th day of August, 1917, Peyton was arrested, without a warrant, by the officers of Payne county while he was transporting in this automobile a package containing nine quarts of whisky, the automobile was taken into possession of the officer, and a proceeding was immediately filed in the county court to forfeit such machine. It is undisputed that no part of the indebtedness to the bank had been paid, and that the bank or its officers had no knowledge of, and did not consent to, any unlawful use of their chattel security (the automobile) by Peyton, if the same was so used. There is no conflict in the claims of the two interveners or claimants; Peyton claims the right of possession by virtue of his ownership of the car, and the bank claims possession for the purpose of realizing on its security and collecting its debt, and it asked the court, in the event a forfeiture was had, that the same be subject to the bank's mortgage—all of which claims were denied by the court below. The bank's claim was denied on the theory that the statute is directed strictly at the thing, the vehicle itself.

Proceedings in error were regularly commenced in this court by the plaintiffs in error, and the assignments of error are:

"(1) The court erred in overruling the separate motion of the plaintiffs in error for a new trial;

"(2) Erred in admission of incompetent evidence over the objection of the plaintiffs in error;·

"(3) Erred in overruling demands of plaintiffs made at the commencement of the trial for a trial by jury;

"(4) Erred in rendering judgment of forfeiture and confiscation from the facts found, and the judgment contrary to law and the evidence;

"(5) Erred in excluding competent evidence;

"(6) Erred in ordering sale of forfeited property after the giving and approving of supersedeas bond, and in not ordering a stay of the judgment as a whole;

"(7) Said court had no jurisdiction to try the same;

"(8) Erred in overruling the demurrer of plaintiff in error W. D. Peyton to the jurisdiction of the court."

The foregoing assignments of error are discussed in the brief of the parties under three specifications or propositions, the first of which is as follows:

"That chapter 188, Session Laws 1917, in so far as it attempts to deprive a person of a trial by jury, is repugnant to the state Constitution."

We deem it unnecessary to notice this proposition further than to say that this court, in construing said act of the Legislature, has decided adversely to the contentions of the plaintiffs in error. In the case of One Cadillac Automobile, 1918 Model, v. State, 75 Oklahoma, 182 Pac. 227, it was said in paragraph 3 of syllabus of the opinion as follows:

"Chapter 188. Session Laws 1917, is not repugnant to the Constitution of the United States nor of this state, because a jury trial as to the question whereby property seized thereunder was being unlawfully used for conveying intoxicating liquors is denied."

Proposition 2 is thus stated by plaintiffs in error:

"'Said court had no jurisdiction to try said cause.' This proposition embraces too grounds: (a) The value of the property sought to be forfeited was beyond the jurisdiction of the county court; (b) the automobile could not be seized by the officer without a warrant, and the seizure thus made, the court never did acquire jurisdiction over it."

We think the contentions of the plaintiffs in error under this proposition are without merit as to both grounds. As to the first ground, the record discloses that the proceedings were had without reference to the value of the automobile; that is, that no testimony was offered concerning the same; that the return of the officer making the seizure placed no valuation upon the automobile; no witness testified as to the value of the same, and the trial court in his findings made no findings as to the value thereof; neither did the separate pleas of intervention filed by the plaintiffs in error in the said cause place any valuation upon the car; neither do plaintiffs in error fix any value of the automobile in their brief or state what the value of the same was.

Counsel for plaintiffs in error contend that "the court having jurisdiction of the property," as used in the first line of section 2,

of the act of 1917, was evidently used by the Legislature with reference to the amount involved, and that the last portion of the same sentence, that "the court shall take such evidence as is offered in the case and determine the same as in civil cases, and that in civil cases the county court has jurisdiction concurrent with the district court in any amount not exceeding one thousand dollars," and then say:

"That it appears in the evidence that the intervener bank held an unpaid chattel mortgage of $1,545.30 upon this automobile, and the bank asked for the possession thereof for the purpose of foreclosing its lien. The amount involved in the action, as far as the claim of the bank is concerned, is the sum of $1,545.30, with interest as called for by Peyton's note. And that the value of the property sought to be forfeited should determine the court which should try that question, and the district court of Payne county was the only court which had jurisdiction of the property of the value involved herein, and the court below should have held itself to be without jurisdiction on this ground."

The grounds urged are not tenable, for the reason that, as in replevin or an action to try the rights of the property, the value of the property determines the jurisdiction of the court, and the amount of the mortgage or lien covering the property cannot be used as a basis to determine jurisdiction or oust jurisdiction by way of a plea of intervention. Garrett v. Wood, 3 Kan. 231; Leslie v. Reber, 4 Kan. 315; Blank v. Powell, 68 Kan. 556, 75 Pac. 486.

The second ground urged by the plaintiffs in error under this proposition that "the automobile involved in this case was seized without warrant," we think is equally untenable. Chapter 188, Session Laws 1917, section 1, provides:

"All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing process by virtue of which such vehicles or animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

We think that the Legislature, by the use of the language, "shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure," clearly contemplated a seizure without warrant. We think the section of the statute quoted is susceptible of

that construction when construed alone, but we think there can be no doubt that when the same is construed in connection with section 3617, Rev. Laws 1910, such meaning is clear. Grayson v. Thompson, 77 Oklahoma; Board of County Com'rs. v. Alexander, 58 Okla. 128, 159 Pac. 311; Marchie Tiger v. Western Investment Co. et al., 221 U. S. 309, 55 L. Ed., 738.

Section 3617, supra, is as follows:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, vessels, and appurtenances, thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

We therefore hold that this contention of the plaintiffs in error is without merit.

The return of the sheriff constituted the basis of the action, and the demurrer of the defendant Peyton challenged the sufficiency thereof. We have examined the return, and are of the opinion that the same is legally sufficient and that the court committed no error in overruling the demurrer. Rev. Laws 1910, sec. 3717; chap. 188, Session Laws 1917.

We have carefully examined the entire record, and are clearly of the opinion that the findings of the court as to the defendant, W. D. Peyton—

"That on the 10th day of August, 1917, J. H. Floyd, deputy sheriff of Payne county, Oklahoma, arrested W. D. Peyton on a charge of conveying certain intoxicating liquors, to wit, nine quarts of whisky. That said seizure and arrest was made on view and without a warrant, and that the said officer, in addition to the seizure of said whisky and the arrest of the said W. D. Peyton, did then and there seize one Super-Six Hudson automobile, Engine No. 39527, and that in said automobile was found by the said officer nine quarts of whisky; that the same was being conveyed by the said W. D. Peyton in said automobile from the residence of J. L. Spiker on North Steele street to the crossing of Noble and Broad streets in the city of Cush-

ing, **Payne** county, Oklahoma. And the court finds that the whisky herein set out was the property of the said W. D. Peyton and one Bill Reed; that said whisky was an illegal and intoxicating liquor and was being conveyed to the city of Cushing, Payne county, Oklahoma, for the purpose of being bartered, sold, given away, and otherwise disposed of and furnished to others in violation of the prohibitory laws of the state of Oklahoma. That the intervener W. D. Peyton knew that the liquor being so conveyed by him was an illegal shipment.     The court further finds that no person having filed any claim to said nine quarts of whisky, the same should, therefore, be declared forfeited to the state of Oklahoma and ordered destroyed. The court further finds that the interest of the said W. D. Peyton in and to said Super-Six Hudson automobile, so seized by the said deputy sheriff of Payne county, as aforesaid, should be and the same is hereby declared forfeited to the state of Oklahoma."

—are supported by the great weight of the evidence, and that the court's order forfeiting the interest of the said W. D. Peyton in the automobile to the state should be sustained.

Proposition 3 is as follows:

"That the statute of this state authorizing the forfeiture of an automobile used for the transportation of liquor does not extend to the rights of a mortgagee having no knowledge of its use to violate such law."

Under this assignment nothing is claimed for Peyton, who used the automobile in unlawfully transporting whisky, and who was the owner of said automobile, subject to a chattel mortgage held by the plantiff in error herein, the First National Bank of Cushing.

In the court below the intervener, the First National Bank of Cushing, pleaded and proved the ownership of a chattel mortgage executed by Peyton to the said bank to secure payment of the sum of $1,545.30. The bank produced evidence, which was admitted into the record and which was not disputed, to the effect that it had no knowledge that Peyton, the owner of the car, was intending to use it for the purpose of transporting intoxicating liquors. As disclosed by the judgment, the court treated this petition in intervention and evidence as constituting no defense against the forfeiture of said automobile to the state.

The court's findings upon this branch of the case was as follows:

"The court further finds that the intervener, the First National Bank of Cushing, Oklahoma, has an interest in and to said automobile evidenced by a certain note and chattel mortgage, dated August 6, 1917, on which chattel mortgage there is now due the sum of $1,545.30, with interest at 10 per cent. per annum from date to maturity, and that the said First National Bank took said chattel mortgage as security for said sum.

"The court further finds that although the said intervener, the First National Bank, may have had no knowledge of and did not consent to the said illegal use of said automobile by the owner thereof, the said W. D. Peyton, and in no way participated in its said illegal use, said intervener, the First National Bank, must seek redress from the wrongdoer and owner of said automobile, W. D. Peyton, who so wrongfully used said automobile; that said automobile in this case is considered the offender, and is liable to forfeiture without regard to the misconduct or responsibility of the owner or the said intervener, the First National Bank, that innocent owners or mortgagees must obtain redress from the wrongdoer who was intrusted with the property and used it wrongfully."

By this finding and judgment the exact nature of the statute of 1917, chap. 188, as to being absolute or subject to limitations, is at issue.

Is the nonparticipation of the owner or mortgagee of an automobile in the unlawful use of his property a bar to the forfeiture sought? Or, in other words, in case of a proceeding by the public to forfeit an automobile because of its having been used for the illegal transportation of liquor, what are the rights of a holder of a chattel mortgage covering such vehicle when the mortgagee had no notice that it was to be used for an unlawful purpose? In order that any discussion of the matter may seem rational, it is necessary to give the various kinds of property and possession subject to forfeiture some legal classification. We have been unable to find a single decision attempting to classify the decisions governing forfeitures along any fixed rule, and in every case the courts have dealt in generalities without making any distinction between decisions involving (1) property capable of and generally used for lawful purposes and embracing a fully recognized property right and (2) decisions involving property or possession in which the state recognizes no property right, and which are capable of no legitimate use. There may be several classifications, but the most pronounced ones appear to us to be the following:

1st. Decisions involving property capable of, and generally used for, legitimate and lawful purposes, in which there exists a property right—such as an automobile, a mule, or wagon.

2nd. Decisions involving property which the state has declared to be inherently vicious and in which there is recognized no

property right—such as a lewd picture, an obscene book, or a strictly gambling device.

3rd. Decisions involving property generally used for legitimate and useful and lawful purposes and in which there is a recognized property right, but because of some happening to the thing itself which renders it per se a nuisance, and the public health and property of the other members of society are endangered; for example, such as cattle with the "foot and mouth disease" and a horse with the "glanders." A warrant of forfeiture of this species of property, in addition to the above, might well rest on the theory that such property had ceased to be capable of serving any useful purpose to the owner thereof or any one else, and on becoming a nuisance, in fact the just and logical thing is to obtain its destruction.

4th. Decisions involving property having only a minor or trival value, and when its destruction is necessary for the accomplishing of the purpose for which the statute was enacted—such as poker chips, cards, dice, and ordinary fish nets.

With his classification in mind, the next question which arises, which presents another classification of the decision, is:

5th. In each case what is the meaning of the statute under consideration?

The property involved in the present case belongs to the first classification made herein, and cases falling under other classifications are not discussed.

The determination of the controversy rests (1) upon the cases falling as a matter of fact under the first classification, and (2) upon the nature of our law of forfeiture as set out in chapter 188 of Session Laws 1917, the material part of which reads as follows:

"Section 1. All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virture of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure.

"Section 2. The court having jurisdiction of the property so seized shall without a jury order an immediate hearing as to whether the property so seized was being used for unlawful purposes, and take such legal evidence as are offered in each behalf and determine the same as in civil cases. Should the court find from a preponderance of the testimony that the property so seized was being used for the unlawful transporta-

tion of liquor under the laws of this state, it shall render judgment accordingly and declare said property forfeited to the state of Oklahoma.

"Section 3. Appeals may be allowed as in civil cases, but the possession of property being so unlawfully used shall be prima facie evidence that it is the property of the person using it."

If this statute, notwithstanding the expression in section 3 thereof, which contains this language: "Appeals may be allowed as in civil cases, but the possession of property being so unlawfully used shall be prima facie evidence that it is the property of the person so using it"—is directed solely at the property, without respect to ownership or freedom from fault or guilty knowledge of its unlawful use, such as the intent of the Legislature in the United States statutes (section 6352, Com. Stat. 1916) dealing with forfeitures growing out of violations of the revenue laws, act of Congress of March 2, 1917, dealing with forfeitures growing out of the introduction of liquor into "Indian Country," and the Arkansas statutes (section 6, art. 13 of Laws of Ark. 1917), forfeiting property used in the illegal transportation of liquor, then in that event the judgment in the case is correct and should be affirmed.

But if our statute (chapter 188, Sess. Laws 1917) is a conditional statute, or in its nature provisory, and similar to the United States statute (section 4141, Comp. Statutes 1916, before amended by act of congress of March 2, 1917) pertaining to the introduction of intoxicating liquors into the Indian country; the Georgia statute (Acts of the Extraordinary Session 1917, sec. 20, pp. 15 and 16), and the North Carolina statute (chapter 197 of Public Laws 1915), then in that event the judgment of the lower court is erroneous.

### Absolute Statutes.

The federal statute pertaining to the forfeiture of vehicles used to convey liquors upon which the revenue has not been paid is as follows:

"If any officer has reason to suspect or is informed that any person is about to introduce or has introduced any spirituous liquor or wine into the Indian Country in violation of law, such officer may cause the wagons, sleds, and places of deposit of such person to be searched; and if any such liquor is found therein, the same, together with the wagons and sleds used in conveying the same, shall be seized and delivered to the proper officer, and shall be proceeded against by libel in the proper court and forfeited. * * *"

The Arkansas statute pertaining to the for-

feiture of vehicles used in violation of its prohibitory laws reads thus:

"That no property rights of any kind shall exist in the liquors mentioned in section 1 of this act, * * * or vehicles, when the said liquors or other property mentioned are kept, stored or used for the purpose of violating any law of this state. * * *"

The federal statute (act of March 2, 1917, amending section 2140, Revised Statutes, sec. 4141, Compiled Statutes 1916), pertaining to the authority to forfeit vehicles used in introducing liquor into "Indian Country," says that the vehicle shall be forfeited "whether used by the owner thereof or other person."

### Statutes in Terms Making Exceptions, or Which the Courts Have Interpreted. as Containing Such.

Some of the jurisdictions heretofore mentioned having forfeited statutes in their nature provisory, or capable of such interpretation, are in words as follows:

Section 4141, Comp. Stat. U. S. 1916:

"If any officer has reason to suspect or is informed that any person is about to introduce or has introduced any spirituous liquors or wine into the Indian Country in violation of law, such officer may cause the wagons, sleds, and places of deposit of such person to be searched; and if any such liquor is found therein, the same, together with the wagons and sleds used in conveying the same, shall be seized and delivered to the proper officer and shall be proceeded against by libel in the proper court, and forfeited. * * *"

The Georgia statute (Extraordinary Session Legislature 1917, sec. 20, p. 16) is in this language:

"All vehicles which are used on any of the public roads or private ways of this state in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer. * * * Should it appear upon the trial of the case that said vehicle or conveyance was so used with the knowledge of the owner or lessee, the same shall be sold by order of the court after such advertisement as the court may direct."

The North Carolina law (chapter 197, Public Laws 1915) on the same subject contains this provision:

"The proper officers are authorized to seize and take into his custody any vessel, boat, cart, carriage, automobile, and all horses and other animals or things used in conveying, concealing or removing such spirituous, vinous, or malt liquors, and safely keep the same until the guilt or innocence of the defendant has been determined, * * * and upon conviction of a violation of said law, said defendant shall forfeit and lose all

right, title, and interest in and to the said property so seized."

Now, if our statute belongs to the first mentioned or absolute class of statutes, the intervener bank in this case, although holding a bona fide chattel mortgage on the automobile, and although it may have had no guilty knowledge of its illegal use, has no standing in court, but "must seek redress from the wrongdoer."

### Decisions Construing Particular Statutes.

In the case of White Automobile Co. v. Collins (Ark.) 206 S. W. 748, 2 L. R. A. 1594, this identical question was before the court, and the Arkansas statute, supra, was construed and the conclusion reached is as follows:

"One selling an automobile on credit, retaining title as security, cannot recover the machine in case it is forfeited by the public because used for illegal transportation of intoxicating liquor, although he had no notice that it was to be used for an unlawful purpose."

The same question was before the U. S. Circuit Court of Appeals, Eighth Circuit, in the case of Commercial Investment Co. v. United States, No. 5301, filed October 30, 1919, and the law on the subject declared as follows:

"Although it is presented in the interplea, plaintiff in error does not discuss the question as to whether or not the 1917 proviso extends to the property of an innocent person, that is, a person not connected with the act of unlawful introduction. Under old section 2140 of the Revised Statutes only the interest of the offending person was subject to forfeiture. This was manifest by the plain terms of the section itself.

"Paragraph 4 of the act of March 2, 1917, under which this proceeding is brought, contains the following provision: 'Whether used by the owner thereof or other person'. It is very evident that it was the intent of Congress to extend the power of seizure, libel, and forfeiture beyond the terms of the old section of the statute. This act of Congress authorizes a proceeding against the property so used itself; the offense attaches to the property, the property being the offender in that it is the means of violating the law. Statutes such as this, and this one in particular, are directed at the means and methods used in the accomplishing of the violation of the statute, and are within the well-recognized jurisdiction and authority of the Congress of the United States."

### Cases Construing Revenue Statutes.

In the case of the United States v. Mincey, 254 Fed. 287, the court interpreted the statute as being directed solely at the thing itself, and not, therefore, dependent upon

guilty knowledge of the owner. The principle announced in this case is as follows:

"Where the owner of an automobile sent an employe therewith on a lawful errand, and the employe used it in removing and concealing distilled spirits on which the tax had not been paid, with intent to defraud the United States, the automobile is subject to forfeiture, under Rev. Stat., sec. 3450 (Comp. Stat., sec. 6352), despite the owner's innocence of any fraud."

In United States v. Two Bay Mules, 36 Fed. 84, and United States v. One Black Horse, 129 Fed. 167, the same statute was construed and the same rule was announced.

In Dobbin's Distiller v. United States, 96 U. S. 395, the same principle was announced, except in that case the things forfeited, the buildings etc., were used for no other purpose than the manufacture of whisky.

### Decisions Construing Statutes of a Provisory Nature.

If our vehicle forfeiture statute belongs to the conditional class of statutes, the judgment in this case as to the intervener, the First National Bank, is erroneous and based upon a misconception of the law.

The United States District Court of Montana, in 237 Fed. 891, in construing section 4141, Comp. St. 1916, heretofore quoted, decided that:

"An Indian, who was given possession of a motor car under a conditional contract of sale, used the machine for the purpose of introducing intoxicating liquor into Indian country, held, that only his interest in the car could be forfeited; the vendor having given possession for no evil purpose, and the provisions for forfeiture not being directed against the means used in violating the law, but against the owner of the means."

The same conclusion was reached in an interpretation of the same statute, in Shawnee National Bank v. U. S., 249 Fed. 583, and United States v. Whisky, 213 Fed. 986.

The Georgia Court of Appeals, in the case of White v. State, 98 S. E. 172, in construing the foregoing Georgia statute, decided that:

"Where an automobile was sold on credit to one who gave his note for the purchase price, securing it by a mortgage upon the car, and where subsequently before the payment of the note, the purchaser being engaged in conveying intoxicating liquors in the car, a sheriff arrested and took him and the car into custody, and thereupon instituted proceedings to condemn the car under the provisions of section 20, of the act of the General Assembly of this state, passed at its Extraordinary Session of March, 1917, relating to prohibition of intoxicating liquors.

approved March 28, 1917 (Acts of General Assembly, Extraordinary Session, March, 1917, p. 7), a court of equity, upon a petition for injunction brought by the holder of the mortgage who did not participate in any way in the criminal enterprise of the purchaser, should have enjoined the condemnation proceedings until provision was made for application after the final hearing, of the funds arising from the sale of the vehicle to the lien of the mortgage."

In Skinner v. Thomas, 171 N. C. 98, L. R. A. 1916E, 358, the North Carolina Supreme Court, in construing their statute heretofore quoted, said:

"A statute providing for forfeiture of the interest in a vehicle for transporting intoxicating liquor intended for illegal use, of a defendant convicted of its illegal possession, does not apply to the interest of an innocent mortgagee."

The law as announced in the case of One Cadillac Automobile v. United States, 255 Fed. 173, seems to be the universal rule in the interpretation of statutes governing forfeitures, and is as follows:

"A statute imposing a forfeiture should be strictly construed and in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation." Chicago, etc., R. v. People, 67 Ill. 11, 16 Am. Rep. 99; Nicklas v. Rathburn (Ore.) 139 Pac. 567.

Under this rule of construction, both the state and federal courts have refused to order a forfeiture of property of an innocent person because used by others to unlawfully transport liquors, except where the Legislature had expressly and unequivocally declared—such as expressed in the Arkansas statute, supra, which provided that no property right shall exist in the property so used, and the federal statute of 1917, supra, which provided for a forfeiture "irrespective of ownership." It seems that the courts, in sitting in judgment upon this class of property, subject to forfeiture under these particular statutes, and all other forfeiture except the provisions relating to the enforcement of revenue, have refused to hold as subject to forfeiture property designed for and used in transporting generally, when used in conveying intoxicating liquors contrary to law, by one to whom it has been let for an innocent purpose, the owner being without fault, or by one who has executed prior thereto a bona fide chattel mortgage, the mortgagee being without notice and without fault, on the theory that to hold otherwise would be to ascribe to the legislative department an indifference to fundamental constitutional principles not war-

ranted so long as another construction is possible.

Our statute does not contain a positive provision like the 1917 Arkansas statute and the 1917 federal statute, but instead, contains either a provision indicating an intent to expressly except from the operation thereof the property of innocent persons, or (such expression about unlawful use being prima facie evidence of ownership) indicates an intent negative in nature.

The property involved comes clearly within the classification of property generally used for legitimate and lawful purposes, in which there exists a property right, and which the state has not declared to be inherently vicious.

In view of the foregoing authorities we are constrained to hold that in the enactment under construction it was the intent of the Legislature to except from the operation thereof the property of innocent owners of mortgagees, and that the judgment of the trial court against the plaintiff in error, First National Bank of Cushing, should be reversed. The judgment otherwise is in all things affirmed.

The cause is remanded, and the trial court directed to proceed in accordance with the views herein expressed.

OWEN, C. J., and KANE, PITCHFORD, and HIGGINS, JJ., concur.