## BOLES et al. v. STATE.

No. 9703—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

1. **Intoxicating Liquors — Searches a n d Seizures—Forfeiture of Mortgaged Chattels—Rights of Innocent Mortgagee.**

The holder of a valid chattel mortgage does not, by reason of chapter 188, Laws 1917, forfeit the right to subject the property to the payment of his debt by an act done without his consent or connivance by one to whom such personal property had been entrusted to be used for a legal and lawful purpose.

2. **Same—Unlawful Use of Automobile—Rights of Innocent Owner.**

The unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of such conveyance does not forfeit the right of the owner to claim and retain such property when it appears that such conveyance was so unlawfully used without the consent, fault, or knowledge of its owner.

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Forfeiture proceedings against one Hup automobile, 1918 model, No. 86515, alleged to have been used in unlawful conveyance of intoxicating liquors by Fred Boles and G. H. Ornsby. Al Foster, as owner, and the Wright Motor Car Company, as mortgagee, intervened. From judgment of forfeiture to the State, the parties named bring error. Reversed and remanded.

W. F. Rampendahl, for plaintiffs in error.

W. W. Cotton, Co. Atty. of Muskogee County. and Robert E. Jackson, Asst. Co. Atty., for defendant in error.

BAILEY, J. This was an action begun in the superior court of Muskogee county,

Okla., to confiscate and forfeit to the state of Oklahoma one certain automobile described as a certain five-passenger Hup automobile, 1918 model, No. 86515; it being alleged that said automobile was being used by Fred Boles and G. H. Ornsby on the 13th day of December, 1917, for the purpose of unlawfully transporting intoxicating liquors. Plea of intervention was filed in said cause by Al Foster, who claimed to be the owner of the car seized, and that he had no knowledge that the car was being used for any unlawful purpose, and that if said car was so used, it was without his knowledge or consent. Plea of intervention was likewise filed by the Wright Motor Car Company, wherein it was alleged that it was a corporation, engaged in the business of selling automobiles, and that it had sold the automobile seized to Al Foster on or about the 14th day of November, 1917, and that said intervener held a valid and subsisting chattel mortgage on said car for the balance of the unpaid price in the sum of $885; that the terms and conditions of said chattel mortgage had been breached and broken, and that it desired to exercise its option to take possession of said car. It is admitted, under the facts and evidence presented in the record, that plaintiff in error Wright Motor Car Company held a valid and subsisting mortgage on said car, and that neither Foster nor the Wright Motor Car Company had any knowledge, or had ever given consent, that the vehicle was to be used to transport liquors or to engage in any unlawful conveyance. It is further admitted that Fred Boles was in the employ of the said Al Foster as a driver of the automobile seized, said automobile being used as a part of the equipment of the taxi service operated by Foster. Under such state of facts, the only question for the consideration of the court is stated by counsel in their brief as follows:

"Is lack of knowledge or consent by claimants, as owner or mortgagee, that their agent in lawful possession of the property seized, in using same in unlawful transportation of liquor under the laws of this state, sufficient to render such property immune from seizure and forfeiture for such violation?"

The answer to the question is found in the case of One Hudson Super-six Automobile et al. v. State, 77 Okla. 130, wherein this court, referring to chapter 188, Session Laws 1917, held:

"* * * That in the enactment under consideration it was the intent of the Legislature to except from the operation thereof the property of innocent owners or mortgagees."

And in the same opinion it is said:

"It seems that the courts, in sitting in judgment upon this class of property, subject to forfeiture under these particular statutes, and all other forfeiture except the provisions relating to the enforcement of revenue, have refused to hold as subject to forfeiture property designed for and used in transportation generally, when used in conveying intoxicating liquors contrary to law by one to whom it has been let for an innocent purpose, the owner being without fault, or by one who has executed prior thereto a bona fide chattel mortgage, the mortgagee being without notice and without fault, on the theory that to hold otherwise would be to ascribe to the legislative department an indifference to fundamental constitutional principles not warranted so long as another construction is possible."

Under the rule announced, the judgment of the trial court is reversed and the cause remanded.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, and HIGGINS, JJ., concur.