## PEAVLER et al. v. STATE.

No. 9849—Opinion Filed Nov. 16, 1920.

(Syllabus by the Court.)

1. **Intoxicating Liquors—Forfeiture of Car Used in Transporting—Rights of Mortgagee.**

The holder of a valid chattel mortgage does not, by reason of chapter 188, Laws 1917, forfeit the right to subject the property to the payment of his debt by any act, done without his consent or connivance, by one to whom such personal property had been intrusted to be used for a legal and lawful purpose.

2. **Same—Rights of Owner of Car.**

The unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of such conveyance does not forfeit the right of the owner to claim and retain such property, when it appears that such conveyance was so unlawfully used without the consent, fault, or knowledge of its owner.

3. **Same — Proceedings — Intervention by Owner—Burden of Proof.**

Where the evidence is undisputed that an automobile was used unlawfully to convey intoxicating liquors, by one lawfully in the possession of said automobile, and the owner intervenes to claim said property, the burden is upon the owner to prove the property was so unlawfully used without his consent, fault, or knowledge, and under such circumstances that it would not impute knowledge and consent upon his part.

4. **Same — Judgment — Sufficiency of Evidence.**

An examination of the record discloses that the judgment of the trial court, which includes a finding that the automobile was unlawfully used with the knowledge and consent of the owner, is not clearly against the weight of the evidence.

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Proceedings by the State to forfeit automobile used in transportation of intoxicating liquor. Intervention by H. C. Peavler, owner of the car, and the Charles Lukins Auto Company, mortgagee. Judgment of forfeiture, and interveners bring error. Affirmed in part and reversed in part.

Baldwin & Spradling and Poe & Lundy, for plaintiffs in error.

S. P. Freeling, Atty. Gen., for defendant in error.

McNEILL, J. This is an appeal from a judgment of the county court of Tulsa county,

forfeiting one Cadillac automobile to the state for the reason the same was being used in violation of law, to wit, conveying intoxicating liquor. The record discloses that S. Pogue was driving the car and was conveying some four one-half pints of whisky in said car through the streets of the city of Tulsa. H. C. Peavler intervened in the action, claiming title to the car, alleging that he was in the taxicab business and that Pogue was in his employ, and if Pogue was conveying liquor in said automobile, it was without his knowledge and consent. The Charles Lukins Automobile Company intervened and claimed a mortgage upon the car in the sum of one thousand ($1,000.00) dollars.

The Attorney General has filed a confession of error admitting the judgment erroneous as to the Charles Lukins Automobile Company, pursuant to the rule announced in the cases of One Hudson Super-Six Automobile v. State, 77 Okla. 130, 187 Pac. 806; Boles v. State, 77 Okla. 310, 188 Pac. 681; One Buick Car v. State, 77 Okla. 233, 188 Pac. 108.

It was stipulated that the Charles Lukins Automobile Company was the holder of a valid chattel mortgage on said automobile, which is on file in the clerk's office of Tulsa county, and, following the rule announced in the cases heretofore cited, the judgment as to the Charles Lukins Automobile Company should be reversed. There is no stipulation in the record that the car was used without the knowledge and consent of the intervener, Peavler, but that fact must be determined from the evidence.

The evidence is undisputed that liquor was being conveyed in said automobile, and that Pogue was rightfully in possession of said car. Those facts being undisputed, the burden of proof was then upon the owner to establish the fact that the car was so unlawfully used without his knowledge, fault, or consent, and that it was being used under circumstances that would not impute knowledge and consent to him.

The evidence in the case discloses that the automobile was, on the night in question, driven by Pogue back and forth from a certain restaurant in Tulsa, which was referred to in the evidence as a "booze joint." The parties who were with Pogue, and who were riding around with him, were all referred to during the trial as "bootleggers," and Pogue himself was referred to as a bootlegger. When the car was apprehended Pogue had four one-half pints of whisky which he broke. Peavler testified that Pogue had only worked for him a couple of nights, and was driving the auto as a taxi, and he, Peavler, knew nothing of the car being used for transport-

ing intoxicating liquor. Peavler acknowledged, on cross-examination, that he had been engaged prior thereto in operating a road-house on the outskirts of Tulsa, and while engaged in conducting the roadhouse he was selling black bottles, and during that time Pogue was in his employ. The record discloses that the place Peavler had been operating as a roadhouse was closed by injunction.

While the trial court did not make any direct finding as to whether Pogue was conveying said liquor without the knowledge and consent of Peavler, yet the judgment of the court includes a finding that he either had knowledge and consented to the same, or the car was being operated under such circumstances as would impute knowledge and consent to him.

We are unable to say that the finding of the court upon this question of fact is clearly against the weight of the evidence. The judgment of the trial court as to the intervener, Peavler, is affirmed. The judgment of the court as to the Charles Lukins Automobile Company is reversed and remanded, with instructions to grant it a new trial, and for the trial court to determine what amount, if any, is still due at this time upon its note and mortgage.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, HIGGINS. and BAILEY, JJ., concur.