**SUTTON et al. v. STATE et al.**

No. 10284—Opinion Filed Sept. 20, 1921.

(Syllabus.)

**Intoxicating Liquors — Forfeiture of Car Used in Transportation — Intervention by Owner—Reversal.**

In an action brought by a county attorney to forfeit to the state an automobile, charging that the same had been used unlawfully in the transportation of intoxicating liquors from one place within this state to another place within this state, and where the plaintiff in error intervenes in said suit setting up claims to said car and judgment goes against the intervener in the court below, who appeals to this court, and the Attorney General of this state, representing the state, files a confession of error, confessing that the evidence was not sufficient to show that the intervener had knowledge of the unlawful use of said car, this court will reverse said cause for a new trial.

Error from County Court, Woodward County; Clyde H. Wyand, Judge.

Proceedings by the state to forfeit automobile used in transporting intoxicating liquors, with intervention by the owner, C. W. Sutton, and the Gentry Motor Company. From judgment of forfeiture, Sutton et al. bring error, making the state and the Gentry Motor Company defendants in error. Reversed and remanded.

Charles Swindall, for plaintiffs in error.

S. P. Freeling, Atty. Gen., for defendants in error.

ELTING, J. This is an appeal from the county court of Woodward county, Oklahoma. This was a proceeding instituted in the county court of Woodward county by L. A. Foster, county attorney for said county, to condemn and forfeit to the state of Oklahoma one Hudson Super-Six touring car, for the reason that said car had been used unlawfully and willfully in transporting from one place within this state to another place within this state, whisky and beer.

C. W. Sutton intervened in said suit, and judgment forfeiting said car was made by the court below, and from said judgment C. W. Sutton has appealed to this court, and petition in error and case-made were filed in this court October 16, 1918, and after submission of this case and after plaintiff in error had filed his brief herein and on, to wit, July 11, 1921, S. P. Freeling, Attorney General, and W. C. Hall, Assistant Attorney General, representing the defendants in error, filed confession of error in this court, which confession of error is in words and figures as follows, omitting the caption:

"It appears that this case was tried on the theory that the consent of the owner of the automobile to its use by a person who afterwards used it for transporting intoxicating liquors justifies a forfeiture of the vehicle. That is not the law. The owner of the vehicle must have some guilty knowledge that it is to be used in violation of law, or he must have some notice thereof as an ordinarily prudent man will take cognizance of. Consent or nonconsent to the innocent use of a vehicle by another person has no legal bearing upon the case. Consent, express or implied, by the owner to its use for an unlawful purpose must be shown before the property of third persons can be

forfeited under our law. (Chap. 188, S. L. 1917.) The case of One Hudson Super-Six Automobile v. State of Oklahoma, 77 Okla. 130, places that construction upon the law.

"It stands to reason that the bailor of a vehicle, whether such bailment is for the benefit of both parties or for the sole benefit of the bailee, is in no worse condition before the law, if he is innocent of any guilty knowledge of the unlawful use of his property, than an innocent holder of a chattel mortgage on said vehicle. That is the undoubted law under statutes similar to ours, which is provisory in its nature. In this case there was nothing shown tending to connect Sutton, the owner of the automobile, with the transaction except the evidence that Hopper had his implied consent to use the automobile for a lawful purpose; and that he had employed Hopper as a kind of expert mechanic to handle the car. Other than this, Hopper's occupation and business relationship with Sutton was not shown.

"This writer thinks the evidence which comes nearest to showing guilty knowledge and participation in Hopper's conduct in violation of law was the evidence of Sutton himself that he was 'running a hotel and selling oil stock,' but that alone was not sufficient evidence to carry home to him the fact that he had guilty knowledge or notice that his automobile was intended to be used to violate the law against transportation of intoxicating liquors.

"We, therefore, respectfully submit that this case should be reversed with instructions to dismiss unless additional evidence can be discovered and produced at a retrial thereof tending to connect Sutton, with the transaction."

It is the judgment of this court, after examination of said confession, that the judgment of the trial court should be reversed by reason of said confession of error and a new trial had.

The judgment of the trial court is, therefore, reversed, and a new trial is ordered.

Concurred in by full court.