**DOC & BILL FURNITURE CO. et al. v. STATE ex rel. SELBY, Co. Atty.**

No. 9762—Opinion Filed Sept 20, 1921.

(Syllabus.)

1. **Intoxicating Liquors—Confiscation of Furniture Used at Place—Right of Innocent Mortgagees Intervening.**

An officer, charged with the duty of enforcing the prohibitory laws of the state, filed a complaint charging that a certain building was being used for the unlawful sale of intoxicating liquors. A search warrant was duly issued and executed; the return thereon disclosed that the officer had seized certain whisky and beer, together with a piano, tables, chairs, and other furniture. Plaintiffs intervened for certain articles of furniture so seized. Held, that the burden of proof was upon the claimants to prove that the articles so seized were not used with the knowledge and consent of the interveners for the purpose of violating the prohibitory laws of the state.

2. **Same.**

While a legitimate article of commerce may be used for the purpose of violating the prohibitory laws of the state, and may be confiscated under and by virtue of sections 5 and 6, ch. 70, Sess. Laws of Oklahoma, 1910-11, pages 160 and 161, yet, if one claiming such property can show that the same was being used without his knowledge or consent, the seizure of such property under the warrant does not forfeit the right of the owner to claim and retain such property.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Proceedings to confiscate certain furniture as being used in connection with sale of in-

toxicating liquors; intervention by the Doc & Bill Furniture Company and another, claiming furniture as mortgagee and owner. Judgment of confiscation, and interveners bring error. Reversed and remanded.

Shirk, Danner & Fowler and H. G. Oliver, for plaintiffs in error.

Forrest L. Hughes, Co. Atty., and M. S. Singleton, Asst. Co. Atty., for defendants in error.

PITCHFORD, J. On the 1st day of May, 1917, a search warrant issued out of the justice court, in Oklahoma county, Okla., under and by virtue of sections 5 and 6, chapter 70, Session Laws of Oklahoma, 1910-11, pages 160, 161, and was executed by arresting Jim Jones, Al Franklin, and —— Penny, and by seizing one stand table, one stool, two rocking chairs, three cushion-bottom chairs, nine dining chairs, one dining table, two ice boxes, two cuspidors, one dresser, one roulette table, one bucket and contents (contents in bucket being glassware), one kerosene stove, one heater, one piano, two shotguns, two leather grips, ten quarts of beer, and part quart of whisky.

The Doc & Bill Furniture Company filed a petition of intervention for one stand table, one stool, two rocking chairs, three cushion-bottom chairs, nine dining chairs, one dining table, two ice boxes, one dresser, glassware, one kerosene stove, and one heater, claiming the right to the possession of the same by virtue of a mortgage duly executed and recorded. The Oklahoma Automatic Music Company intervened, claiming the ownership of the piano. Upon trial in the justice court, it was ordered that the articles seized by the officers should be confiscated in accordance with the law, from which judgment an appeal was taken to the district court of Oklahoma county.

The district court found that the defendants, Al Franklin et al., at the execution of the search warrant, had in their possession and under their control, and did then and there unlawfully keep and have in their possession, intoxicating liquors and certain gambling devices; that the defendants maintained said place where intoxicating liquors were unlawfully sold, and did keep and possess on said premises certain devices, furniture, fixtures, and appliances which were used in and about said premises and in connection with the said unlawful sale of intoxicating liquors, and were at said time engaged in keeping said place where intoxicating liquors were sold. It was ordered by the court that all of the property seized by the deputy sheriff, except the intoxicating liquors, should be confiscated to the state of

Oklahoma; that the same be delivered to the board of county commissioners of Oklahoma county, to be sold and the proceeds thereof apportioned as follows: Seventy-five per cent. to be paid to the court fund of Oklahoma county, and twenty-five per cent. thereof to be paid to Homer Adrean, the officer prosecuting this proceeding; that the said intoxicating liquors should be confiscated; and the sheriff of Oklahoma county was ordered to destroy the same as provided by law, save and except what might be needed by the county attorney as evidence of the trial of the criminal cases pending against the defendants, Al Franklin et al. From the judgment confiscating the articles claimed by the interveners, an appeal has been taken.

Numerous errors are assigned; however, as we view the matters involved, it will only be necessary to notice the 8th assignment, which is as follows:

"Error of the court in overruling motion of plaintiffs in error for judgment in favor of these plaintiffs in error and against said defendants."

It is the contention of the state that no property right shall exist in property used in violation of the prohibitory laws, and counsel quotes section 3620, Rev. Laws of Oklahoma, 1910, which provides:

"No Property Rights in Vessels, Fixtures, etc. There shall be no property rights of any kind whatsoever, in any liquors, vessels, appliances, fixtures, bars, furniture and implements kept or used for the purpose of violating any provisions of this chapter."

Section 6, of chapter 70, supra, provides that, upon the hearing of the return of the officer under a search warrant, the sworn complaint of the affidavit upon which the search warrant was issued should constitute prima facie evidence of the contraband character of the property and things seized; and that the burden should rest upon the claimant to show his property right in the thing claimed, and that the same was not used in violation of the provisions of the act.

The question for our decision is whether the property claimed by the interveners can be included under the terms, "implements, furniture, and fixtures used for such ilegal * * * selling * * * of liquor" in contravention of the prohibitory laws, so as to defeat the claims of the interveners herein. After diligent search, we have been unable to find any authorities upon this identical question, nor have we been cited to any by counsel; however, there are numerous decisions of this court which bear indirectly upon the question involved.

Under section 3617, Rev. Laws of Oklahoma, 1910, when a violation of any of the provisions of the chapter relating to intoxicating liquors occurred in the presence of a sheriff, constable, marshall, or other officer having power to serve criminal process, it was the duty of such officer, without warrant, to arrest the offender and seize the liquors, bars, furniture, fixtures, vessels and appurtenances thereunto belonging so unlawfully used, and providing for the confiscation of the same to the state. Section 3628, Rev. Laws of Oklahoma, 1910, made it unlawful for any person to transport any liquor the sale of which was prohibited by the laws of the state.

In the case of One Cadillac Automobile v. State of Oklahoma, 68 Oklahoma, 172 Pac. 62, the deputy sheriff of Cotton county arrested, without warrant, parties who were unlawfully conveying intoxicating liquor in his presence, and seized the liquors and automobile in which the same were being conveyed. The State Exchange Bank of Oklahoma City intervened for the automobile, under and by virtue of a mortgage. The question there involved was: Assuming that the liquor was being transported in the automobile in the presence of the officer in violation of law, the question was whether the automobile was subject to seizure and confiscation? Mr. Justice Miley, delivering the opinion of the court, said:

"It is quite clear that 'appurtenances' does not have the broad meaning claimed by counsel for the state, and does not include all personal property or things used in the commission of the crime, but only such of an inferior nature as belong or are incident to the other things designated as the principal things, or things more worthy, viz.: 'The liquors, bars, furniture, fixtures, or vessels.' Within the designation of appurtenances would fall things such as show cases, screens, mirrors, bottles, and other paraphernalia of a bar, and articles such as glasses, spoons, and things used in preparing and serving intoxicating and other drinks. It is quite clear that an automobile is not an appurtenance to any of the things mentioned in the statute. There is no significance in the arrangement of the sentence so that the words 'so unlawfully used,' follow the words 'appurtenances thereunto belonging.' Those words apply to the 'bars, fixtures, furniture and vessels,' as well as the 'appurtenances thereunto.' The statute does not make the 'liquors, bars, furniture, fixtures and vessels' per se contraband, but even they become so only when used in violation of the law or when kept for that purpose. * * * Had it been the legislative intent to confiscate vehicles unlawfully used, it would have been so easy to mention them

among the other things specifically designated that the omission of the express mention thereof is significant; or, had it been intended that all chattels and personal property used in violation of the prohibition law should be subject to forfeiture, a more comprehensive term than 'appurtenance' could and no doubt would have been employed. Even if the statutes had read, 'seize the liquors, bars, furniture, fixtures, vessels, and other chattels or personal property so unlawfully used,' it would be doubtful, under the rule of ejusdem generis, if vehicles and automobiles should, be held subject to seizure and forfeiture."

No part of the evidence is contained in the briefs filed by the respective parties; however, we have carefully examined the same. we fully appreciate the great difficulty with which officers are confronted, and how they are handicapped by every ingenious scheme contrived or invented by those who seek, for the sake of a few paltry dollars, the evasion of a wholesome law. While in the instant case there is no direct or positive evidence showing that the defendants, Franklin and Penny, ever sold or gave away intoxicating liquors, yet there is a strong presumption, amounting to almost absolute conviction, to the effect that the prohibitory laws had been violated in and and about the premises searched; that the place had a bad reputation as a place where liquors were sold; that it was considered a road-house; a portion of a roulette table was found in the building; also 25 decks of cards; beer and Dutch lunches were found in the refrigerator. It is true, under the law then in force, that it was not unlawful to have in one's possession beer or whisky of the amount seized, unless the same was kept for an unlawful purpose. Conceding that the beer and whisky were kept for the purpose of sale, what connection per se could the rocking chairs, the dining chairs, the dining table, the dresser, the kerosene stove, the piano, or, for that matter, the two shotguns and the leather grips, have with the unlawful sale? There is nothing in the evidence indicating that the whisky or beer was kept in the piano, or that the piano or other articles claimed by the interveners were used or had ever been used for the purpose of concealing liquor or used in the sale of the same. The piano was not found in the room where either the beer or liquor was found. It might have been, in former days, when competition was close, and when under our boasted Christian civilization many were licensed under our laws to openly debauch the youth of the land, that music would be resorted to in order to attract customers to a place where strong drink was sold; but we hardly think that in this day it is necessary to resort to the charms of music in order to direct a thirsty soul's footsteps to a bootlegger's lair. The evidence clearly shows that the Doc & Bill Furniture Company sold the property claimed just as they sold property to other customers; no knowledge was brought to the company that the property was intended to be used, in any way, in violation of the prohibitory laws of the state. The same may be said relative to the piano. In fact, it is not, and has never been, the law that one dealing in legitimate articles of commerce should be required, at the peril of having the property confiscated by the state, to make a strict inquiry as to the uses for which the property is intended by the purchaser. When a dining table and dining chairs, or any of the articles claimed by the Doc & Bill Company, are sold by any of the furniture companies in Oklahoma City, must they be required to investigate the character and reputation of the would-be purchaser, and confine their sales to those only who are respectable members of society? There is a certain class of property, however, that we know is only used for unlawful purposes, such as bar fixtures, stills, certain kind of fish nets, gambling devices, etc. To illustrate, if the roulette table seized by the officer had been sold by either of the interveners, they could not retain any interest after the seizure; or, if a bar had been seized, consisting of the brass railings, the mirrors, and other paraphernalia used in a place for the sale of liquor, there could be no property rights in either vendor or vendee which could or would be recognized by the courts.

There is no law in Oklahoma prohibiting the sale of an automatic piano, notwithstanding a piano of this description is often used in places which should be shunned by those of respectability; yet we find pianos of this kind in places where the surroundings are entirely respectable. The proof clearly shows that the music company, in the renting of this instrument, was not charged with notice that the same would be used for the purpose of aiding and abetting anyone in violating the law against the selling, giving away, or disposing of liquor. There is nothing in the proof justifying the inference that the music company has been guilty of any act forfeiting its ownership to the instrument by renting the same to Franklin.

In One Hudson Super-Six Automobile et al. v. State, 77 Okla. 130, 187 Pac. 806. the

4th paragraph of the syllabus reads as follows:

"The holder of a valid mortgage upon personal property to secure an existing valid debt cannot forfeit the right to subject the property to the payment of his debt by an act done without his consent or connivance. or that of some person employed or trusted by him."

In Peavler et al. v. State, 79 Okla. 308, 193 Pac. 623, the 2d paragraph of the syllabus reads as follows:

"The unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of such conveyance does not forfeit the right of the owner to claim and retain such property, when it appears that such conveyance was so unlawfully used without the consent, fault, or knowledge of its owner."

We conclude that the trial court erred in not sustaining the motion of the interveners for judgment in favor of interveners. The judgment of the lower court is reversed, in so far as the same affects the rights of the interveners. and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HARRISON, C. J., and ELTING, KENNAMER, and NICHOLSON, JJ., concur.