## ONE CHRYSLER COUPE (HAZELWOOD, Intervener) v. STATE.

No. 19763. Opinion Filed Nov. 25, 1930.

George W. Martin, for plaintiffs in error.

W. A. Bolding and Clifford E. Huff, for defendant in error.

LESTER, V. C. J. This case involves the seizure of an automobile by the officers under section 7023, C. O. S. 1921, which provides:

"All vehicles, including automobiles and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state, from one place to another in this state, in violation of the laws thereof, shall be forfeited to the state by order of the court issuing process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

Upon the 3rd day of March, 1928, the sheriff of Kiowa county made a return thereof showing the seizure of said automobile, and an order was made setting the cause for hearing in the county court of Kiowa

county for the 14th day of March, 1928. Notice of the hearing was duly served on the driver of the automobile and the cause was heard on the 23rd day of March, 1928. At the conclusion of the hearing the court ordered the car forfeited to the state of Oklahoma for the reason that it was being used in violation of the prohibitory laws of the state of Oklahoma.

Section 7010, C. O. S. 1921, provides:

"Upon the return of such warrant, as provided in the next preceding section, the judge or magistrate shall fix a time, not less than ten days, nor more than 30 days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or possessed by any person within this state, with the intention of violating any of the provisions of this act. At such hearing any person claiming any interest in any of the property or thing seized, may appear and be heard upon the filing of a written plea of intervention, setting forth particularly the character and extent of his claim; but upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized, and the burden shall rest upon the claimant to show, by competent evidence, his property right or interest in the thing claimed, and that the same was not used in violation of any of the provisions of this act, and was not in any manner kept or possessed with the intention of violating any of the provisions of this act. If, upon such hearing, no person shall appear as a claimant for any of the property and things seized, the judge or magistrate shall thereupon enter judgment of forfeiture in favor of the state without requiring or receiving any other evidence than that contained in the sworn complaint or affidavit upon which the search warrant was issued; if, upon such hearing, any person shall appear as claimant to the property or things seized or any portion thereof, the issue of fact thus raised shall be tried in the manner provided by law and judgment shall thereupon be entered accordingly."

Section 7025, C. O. S. 1921, provides:

"Appeals may be allowed as in civil cases, but the possession of property being so unlawfully used shall be prima facie evidence that it is the property of the person so using it. Where said property is sold under the provisions of this section, the proceeds shall be disbursed and applied as follows:

"First: To the payment of the costs of the forfeiture proceedings and actual expenses of preserving the property.

"Second: One-eighth of the proceeds remaining to the officer who made the seizure.

"Third: One-eighth to the county attorney prosecuting the case.

"Fourth: The balance to the county treasurer to be credited by him to the court fund of the county."

On March 27, 1928, Clyde Hazelwood, doing business under the trade name of Enid Car Exchange, and plaintiff in error herein, filed in the county court of Kiowa county, Okla., a motion to reopen said cause for the purpose of permitting said plaintiff in error to set up a plea in intervention in said cause. Said motion was duly overruled by the court, as shown by journal entry on pages 95 to 98, case-made, in said cause, to which action of the trial court the movant and plaintiff in error herein excepted, said exceptions being allowed by the court, and the proper time was allowed the movant and plaintiff in error herein for an appeal.

We think the only vital question involved herein is whether the court abused its discretion in refusing to allow Hazelwood to file a plea of intervention and to reopen said cause.

Hazelwood in his motion to be allowed to file a plea of intervention set forth a copy of the notes secured by a chattel mortgage on said car and that said notes were unpaid; that he, Hazelwood, as the owner and holder of the said notes, was entirely unaware that the mortgagee was using the car for any unlawful purpose.

This court in the case of one Hudson Super Six Automobile v. State, 77 Okla. 130, 187 Pac. 806, held:

"The law as announced in the case of United States v. One Cadillac Automobile, 255 Fed. 173, seems to be the universal rule in the interpretation of statutes governing forfeitures, and is as follows:

" 'A statute imposing a forfeiture should be strictly construed and in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation.' Chicago, etc., R. Co. v. People, 67 Ill. 11, 16 Am. Rep. 99; Nicklas v. Rathburn (Ore.) 139 Pac. 567.

"Under this rule of construction, both the state and federal courts have refused to order a forfeiture of property of innocent person because used by others to unlawfully transport liquors, except where the Legislature had expressly and unequivocally declared—such as expressed in the Arkansas statute, supra, which provided that no property right shall exist in the property so used, and the federal statute of 1917, supra, which provided for a forfeiture 'irrespective

of ownership.' It seems that the courts, in sitting in judgment upon this class of property, subject to forfeiture under these particular statutes, and all other forfeiture except the provisions relating to the enforcement of revenue, have refused to hold as subject to forfeiture property designed for and used in transporting generally, when used in conveying intoxicating liquors contrary to law, by one to whom it has been let for an innocent purpose, the owner being without fault, or by one who has executed prior thereto a bona fide chattel mortgage, the mortgagee being without notice and without fault, on the theory that to hold otherwise would be to ascribe to the legislative department an indifference to fundamental constitutional principles not warranted so long as another construction is possible.

"Our statute does not contain a positive provision like the 1917 Arkansas statute and the 1917 federal statute, but, instead, contains either a provision indicating an intent to expressly except from the operation thereof the property of innocent persons, or (such expression about unlawful use being prima facie evidence of ownership) indicates an intent negative in nature."

The intervention of Hazelwood being tendered only four days after the judgment of confiscation had been rendered in the county court and within the same term thereof, and without any unnecessary delay; and it appearing from the exhibits that Hazelwood probably had a bona fide interest in the car and that he also alleged that he had no knowledge the car was being used in violation of prohibitory laws, we think the court erred in refusing to hear the issues tendered by Hazelwood.

The action of the court in refusing to reopen the cause and determine the claim of Hazelwood is set aside and the court ordered to hear the issues as tendered by him under his plea of intervention.

MASON, C. J., and HUNT, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent.