ODOM et al. v. TURNER, Sheriff.

No. 34016.    April 17, 1951.

*230 P. 2d 487.*

J. B. Dudley and Paul Dudley (Dudley, Duvall & Dudley, Oklahoma City, of counsel), for plaintiffs in error.

Granville Scanland, Co. Atty., and Hubert Gibson, Asst. Co. Atty., Oklahoma City, for defendant in error.

DAVISON, J.    This is an action wherein the plaintiffs in error here sought, as interveners, to recover from the sheriff of Oklahoma county, Oklahoma, certain whiskies, and intoxicating liquors seized by him and for the disposition of which he was seeking a destruction order. The cause was tried upon stipulation or agreed statement of facts.

The interveners, M. W. Odom and Albert Brygger, were partners, doing business as Arizona Distributing Company, with their place of business located in Phoenix, Arizona. They were duly and regularly licensed by proper authorities to engage, and were lawfully engaged, in the wholesale alcoholic beverage business. In connection with

that business they maintained a warehouse wherein they stored large quantities of alcoholic beverages including whiskies, liquors and wines of various types, brands and grades. On the night of February 26, 1947, the warehouse was burglarized and a large quantity of whisky of the approximate value of $4,000 was stolen therefrom by parties unknown. On March 3, 1947, approximately $500 worth of said whiskies was recovered by the Police Department of Phoenix, Arizona, and was returned to said interveners. On the same date, March 3, 1947, the sheriff of Oklahoma county, Oklahoma, by and through authorized deputies, seized 453 fifth gallons, 168 pints and 190 half pints of whisky at a tourist cabin near Oklahoma City, Oklahoma, and in the rooms of J. B. Castleman, Alfred McKean and A. A. Chase, who were arrested and charged, in the common pleas court of Oklahoma county, Oklahoma, with the unlawful possession of the same. Approximately a month later, the said McKean pleaded guilty to the charge and was sentenced to serve 60 days in the county jail and pay a fine of $250. The charge was dismissed as to the other defendants and they were released. The judgment against McKean was fully executed and he was released. On April 2, 1947, interveners filed their petition in intervention in said cause, claiming ownership of the whisky so seized and seeking its restoration to their possession. On the same date that the petition in intervention was filed, the sheriff filed an Application for Authority to Destroy Contraband Intoxicating Liquors wherein he sought an order determining the whisky to be contraband and forfeited to the state and authorizing its destruction. The seized whisky was stipulated to be a part of that stolen from interveners' warehouse in Phoenix, Arizona. In November, 1948, trial was had to the court resulting in a judgment against interveners and ordering the sheriff to confiscate and destroy said whisky. To review that judgment, interveners bring the case here on appeal.

Only once heretofore has a similar case been presented to this court. It was that of Carlisle v. State ex rel. Harris, Co. Atty., 178 Okla. 231, 62 P. 2d 617. Therein, the trial court reached the same conclusion as here and that action was affirmed. However, there is a marked distinction between the evidence in the two cases. In the reported case the testimony was of a very unsatisfactory nature containing characteristics pointing to doubtful creditability. Therein it was said:

". . . there was sufficient uncertainty and improbability in the uncorroborated evidence of this interested witness to authorize the trial court upon which the duty of weighing the evidence is imposed to disregard the same. . . . Those who have in reality been deprived of their property, consisting of intoxicating liquors, in states where the possession thereof is lawful, are entitled to the full protection of the courts of this state. But when they invoke the protection afforded by the courts of this state, they owe to them a measure of responsibility."

In the instant case, all facts were stipulated and they indicate a situation wherein there is no intimation of anything other than good faith on the part of all parties now involved. There is also the difference that, in the reported case, there was evidence of facts to be considered, while here there were actual facts as shown by stipulation. This last distinction lays the foundation for the rule stated in the case of Whitten v. Kroeger, 183 Okla. 327, 82 P. 2d 668, as follows:

"Where a cause is submitted upon an agreed statement of facts it is the duty of this court on appeal to apply the law to such facts as a court of first instance and direct judgment accordingly."

In the brief of defendant in error, the Prohibition Ordinance of the Okla-

homa Constitution and sections 1, 72, 82, 84 and 85, of Title 37, O.S. 1941, are cited and quoted and are relied upon as authority for an order authorizing the sheriff to destroy the whisky as contraband. No case involving a similar question as here has been called to our attention other than the Carlisle case, supra, except a case recently before the Oregon court styled Nanny v. Oregon Liquor Control Commission, 179 Ore. 274, 171 P. 2d 360. Therein it was said,

"The Commission acted in good faith and was right in taking possession of the whisky, but, when it was conclusively established that the plaintiff was the owner thereof and that it had been brought into this state without his knowledge or consent, it was the legal duty of the Commission to return the property to the plaintiff after demand for possession thereof had been made. When it failed so to do, the plaintiff had a cause of action in replevin against the Commission by reason of its wrongful detention of his property, even though the original taking by the Commission was not unlawful."

It is the established policy in this jurisdiction to protect the rights and interests of innocent persons in property which has been seized because of its use in the violation of the liquor laws of the state. This is most readily apparent in those cases wherein the holder of a lien upon an automobile, or the owner thereof, when innocent and without knowledge of the use of the automobile in unlawful liquor traffic by another, is protected from the loss of his property through forfeiture proceedings. See One Hudson Super-Six Automobile v. State, 77 Okla. 130, 187 P. 806; Boles v. State, 77 Okla. 310, 188 P. 681; Peavler v. State, 79 Okla. 308, 193 P. 623; Doc & Bill Furniture Co. v. State, 83 Okla. 128, 200 P. 868; One Chrysler Coupe v. State, 146 Okla. 98, 293 P. 543; Commercial Credit Co. v. State, 160 Okla. 201, 16 P. 2d 879; General Motors Acceptance Corporation v. State, 170 Okla. 355, 40 P. 2d 654; Ponder v. State, 186 Okla. 522, 99

P. 2d 129; Dade v. State, 188 Okla. 677, 112 P. 2d 1102; 1942 Chevrolet Automobile Motor No. BA-193397 v. State ex rel. Cline, Co. Atty., 191 Okla. 26, 128 P. 2d 448; 1942 Chevrolet Automobile v. State, 192 Okla. 555, 136 P. 2d 395.

The transportation of plaintiffs whisky, which was property in the State of Arizona, into this state by thieves, was without their consent and authority and against their will as was stipulated. It would be extremely unjust to punish the plaintiffs because burglars had committed a crime against them. We do not think the laws of this state were intended to have that effect. They were in no way responsible or cognizant of the whisky being brought into Oklahoma or that it was the subject of a violation of any law. Hence, as to their ownership and right to possession, the liquor was not contraband, subject to confiscation and destruction within the purview of the Oklahoma constitutional and statutory provisions, supra, but was property, for the possession of which they were entitled to judgment.

The judgment is reversed and the defendant in error ordered to deliver said whisky to plaintiffs in error.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.