## ROUSE v. STATE et al.

No. 10432—Opinion Filed Feb. 8, 1921.

(Syllabus by the Court.)

**Intoxicating Liquors—Forfeiture of Vehicle Used as Conveyance — Knowledge of Owner.**

The unlawful use of a vehicle to convey intoxicating liquors by one in possession of such vehicle and using same, does not forfeit the right of the owner to claim and retain such vehicle when it appears that same was so unlawfully used without the consent, fault, or knowledge of the owner.

Error from County Court, Tulsa County; W. B. Williams, Judge.

Proceedings by the State to forfeit wagon and team used in transportation of intoxicating liquors, with intervention by the owner, G. T. Rouse. From judgment of forfeiture, the intervener brings error. Reversed, with directions.

G. C. Spillers, for plaintiff in error.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., Geo. E. Reeves, Co. Atty., and A. E. Montgomery, for defendants in error.

HARRISON, C. J. This case involves the right of an owner or mortgagee of a vehicle to intervene and claim his property where

same has been used by another, but without the owner's knowledge or consent, in transporting liquors in violation of law. The county court rendered judgment in favor of the state and ordered the property to be sold, consisting of one wagon and two mules. The record is clear that the wagon and mules were the property of plaintiff in error, and that he was not using same in violation of law, and had no knowledge that anyone else was using same for the purpose of transporting intoxicating liquors in violation of law.

Upon the record herein and upon the authority of One Hudson Super-Six Automobile et al. v. State, 77 Okla. 130, 187 Pac. 806, and Peavler Auto Co. v. State, 79 Okla. 308, 193 Pac. 623, the Attorney General files confession of error of the trial court in ordering said property to be sold, and confessing that the judgment should be reversed.

Upon the confession of error, and upon the authority of the above cases, the judgment of the county court is reversed, with directions to render judgment in favor of plaintiff in error for the return of said property.

KANE, JOHNSON, MILLER, and KENNAMER, JJ., concur.