ANNA K. HOLMES, ADMINISTRATRIX, &c., PLAINTIFF IN
  ERROR, v. PENNSYLVANIA RAILROAD COMPANY, DE-
  FENDANT IN ERROR.

Argued June 21, 1906—Decided March 4, 1907.

1. As against positive affirmative evidence, by credible witnesses, ot
   the giving of warning of the approach of a railroad train to a
   highway crossing, by the ringing of a bell or the blowing of a
   whistle, there must be something more than the testimony of wit-
   nesses, who, by reason of their surroundings, would be unlikely to
   notice the giving of such warning, that they neither heard a bell
   rung nor a whistle blown, in order to justify the submission to
   the jury of the question whether or not such warning was given.
2. A verdict for damages which rests solely upon an issue not raised
   by the pleadings cannot be supported.

On error to the Supreme Court.

For the plaintiff in error, *George Gilbert.*

For the defendant in error, *Thomas L. Gaskill.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit is brought by the ad-
ministratrix of Joseph J. Holmes, deceased, to recover from
the defendant corporation the pecuniary loss sustained by his
widow and next of kin through his death. He was killed
about two o'clock in the morning of the 4th of November,
1902, while driving along Cooper street, in the town of Bev-
erly, in attempting to cross the tracks of the defendant com-
pany in front of an approaching train. The sole ground
averred in the declaration for charging the defendant com-
pany with responsibility for his death is the failure to use
reasonable care in the operation of its train as it approached
the crossing at which he was struck down. Upon the trial
of the cause the plaintiff attempted to support the averment
of negligence by proof that the statutory provision, requiring
a bell to be rung, or a whistle to be blown when a train ap-

proaches a highway crossing, was not complied with by the employes in charge of the defendant company's train. Two witnesses were called on behalf of the plaintiff to testify to that fact. The first was Samuel Wickward, who testified that he was following Holmes along Cooper street and heard the crash when the collision occurred. He was asked on his direct examination:

"*Q.* Did you hear any bell rung or whistle blown for the train?

"*A.* No whistle at all.

"*Q.* Nor bell?

"*A.* I don't know; I wouldn't like to say whether I heard any bell or not."

On his cross-examination he affirmed the statement made by him in his testimony in chief. The other witness was a Mrs. Wilmerton, who lived about half a square from the scene of the accident. She testified that she had occasion to get up about two o'clock in the morning of November 4th, and that about ten minutes afterward, and before she had returned to her bed, she heard a heavy crash coming from the direction of the crossing. She was asked but a single question upon the point in controversy, viz., "Did you hear the whistle blow or the bell ring?" Her answer was "No, sir."

On the part of the defence the proof was plenary that the bell was rung, if the witnesses who were called to prove that fact were entitled to credit. They were the engineer, the fireman and one of the brakemen of the train; and they all swore positively that the bell was rung in a way which showed full compliance with the statute. This was the state of the proofs when the case was rested; and upon application made by the defendant the trial judge directed a verdict in its favor.

The plaintiff now assigns error upon this direction.

In our opinion the proofs in the cause afford no support whatever for the conclusion that the bell was not rung in the manner required by the statute. The testimony of Wickward did not even tend to prove that fact, for it will equally justify a finding that he heard the bell as that he did not.

The statement of Mrs. Wilmerton that she did not hear the bell rung may be conceded to have been sufficient to call for proof upon the subject by the defendant, notwithstanding that, for aught that appears to the contrary, her failure to do so may have been due to the fact that her attention at the time was entirely fixed upon some other matter. The testimony which was offered by the defendant, however, entirely destroyed the probative force of her negative statement. The credibility of the witnesses who proved that the bell was rung was not impeached by any direct evidence, nor does the case disclose any reason for rejecting their testimony. In the case of *Culhane* v. *New York Central, &c., Railroad Co.*, 60 *N. Y.* 133, 137, it is said that "As against positive affirmative evidence by credible witnesses to the ringing of the bell, or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching or listening for it; that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative. A mere 'I did not hear' is entitled to no weight in the presence of affirmative evidence that the signal was given, and does not create a conflict of evidence justifying a submission of the question to the jury as one of fact." *Hubbard* v. *Boston and Albany Railroad Co.*, 159 *Mass.* 320; *Keiser* v. *Lehigh Valley Railroad Co.*, 212 *Pa. St.* 409; and *Eissing* v. *Erie Railroad Co.*, 44 *Vroom* 343, the latter a decision of our Supreme Court, are to the same effect. We think this principle is sound when applied to the testimony of one who, by reason of his surroundings, would be unlikely to notice the giving of the signal, unless his attention was directed to the passing of the train. In the present case the fact that Mrs. Wilmerton lived in close proximity to the railroad, and that the passage of trains to and fro upon it was a matter of frequent occurrence, renders it quite unlikely that she would observe whether a bell upon a given train was being rung as it passed along in the neighborhood of her house, unless her attention was attracted to it at the time. A person who lives in proximity

to a railroad where the passage of trains is frequent becomes so accustomed to the noise of their passage that he no more observes the sound produced by them as they move to and fro than he does the striking of a clock in a room in which he is accustomed to sit.

We concur in the view taken by the trial judge that the plaintiff below failed to sustain the burden of proof that was upon her to show that the bell was not rung in the manner required by the statute.

It is further contended on behalf of the plaintiff in error that there was testimony in the case which would justify the conclusion that the crossing at which the accident occurred was unusually dangerous, by reason of the existence of obstructions to the view in the direction from which the train that collided with the wagon of the deceased was approaching; that the defendant company was responsible for the presence of those obstructions; and that, therefore, it was bound to use extra precautions for the safety of travelers upon the highway; to do something more to warn them of the approach of trains than to blow a whistle, or to ring a bell; and it is argued that the plaintiff was entitled to have that question submitted to the jury, and to a verdict in her favor in case they should so find the fact. No such issue, however, was raised by the pleadings, and a verdict upon any such theory could not, therefore, have been supported.

The judgment under review must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    14.

*For reversal*—None.