## KOLB v. PETERSON, Sheriff.

No. 3154.    Decided October 3, 1917.    (168 Pac. 97.)

1.  CRIMINAL LAW—SENTENCE—ENTERING JUDGMENT OF RECORD—STATUTE. In view of Comp. Laws 1907, section 5080, providing that neither departure from the form or mode prescribed by the Code of Criminal Procedure in respect to any pleading or proceeding, nor any error or mistake therein shall render it invalid, unless it actually prejudiced defendant in respect to a substantial right, under Comp. Laws 1907, section 5154, providing that, after a plea or verdict of guilty, the court must appoint a time for rendering judgment, which must not be more than two days nor less than six hours after the verdict is rendered, unless defendant waives the postponement, or the judgment is arrested, or new trial granted, and that, unless such postponement is demanded, it shall be deemed to be waived, in a prosecution in a municipal court for the crime of drunkenness, where sentence of defendant after his plea of guilty was rendered September 21st, but not entered of record until September 27th, by its failure to enter the judgment of record as soon as practicable after sentencing defendant, as it should have done, the court did not lose jurisdiction of the case, and the sentence did not become illegal. (Page 452.)

2.  DRUNKARDS—OFFENSE—PROHIBITION LAW. By the Prohibition Law (Sess. Laws 1917, c. 2) section 21, providing that any person who shall, in any street or alley, public place, store, restaurant, hotel lobby or parlor, or in or upon any passenger coach, street car, or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station, or room, or at any public gathering, drink any intoxicating liquors of any kind, or shall be drunk or intoxicated, shall be deemed guilty of a misdemeanor, drunkenness and intoxication by the use of intoxicating liquors are criminal, wherever and whenever they may occur at any place in the state. (Page 453.)

Petition for habeas corpus by Henry Kolb against H. C. Peterson, Sheriff of Weber County.

WRIT DENIED.

*A. G. Horn* for plaintiff.

*Dan. B. Shields,* Atty. Gen., *Jas. H. Wolfe* and *O. C. Dalby,* Asst. Attys. Gen. for defendant.

THURMAN, J.

This is a proceeding in habeas corpus. The petitioner was charged in the municipal court of Ogden with the crime of drunkenness in Weber County, but the complaint did not state that the crime was committed in any one of the places specifically named in section 21 of the act prohibiting the manufacture and use of intoxicating liquors, etc. Ch. 2, Sess. Laws 1917. The petitioner pleaded guilty to the offense charged and was sentenced to pay a fine of $50, and in default of payment to be imprisoned in the county jail at the rate of $1 per day for every dollar of fine. The fine was not paid and the defendant was imprisoned. Sentence was rendered on the 21st of September, 1917, but was not entered of record until the 27th day of the same month, the date on which the petition was filed in this court.

The petitioner relies upon two points: (1) That, by reason of the judgment not being entered within two days after the plea of guilty, the court lost jurisdiction of the case; (2) that there is no statute which makes drunkenness a crime, except where it occurs in one of the places specifically named in section 21 above mentioned. It is manifest that if either of these contentions is true the court was without jurisdiction, the sentence was illegal, and the petitioner should be discharged.

The petition itself admits that the sentence was rendered by the court. It is also, in effect, admitted that the complaint is sufficient, if there is any law making drunkenness a crime outside of the places mentioned.

Therefore the only question to be determined concerning the first point relied on is, did the court lose jurisdiction in not entering the judgment of record within two days after the plea of guilty. The only basis for the petitioner's contention that the sentence should have been recorded within two days is found in Comp. Laws, Utah, 1907, section 5154, which reads as follows:

"After a plea or verdict of guilty, or after a verdict against the defendant, the court must appoint a time for rendering judgment, which must not be more than two days nor less than six hours after the verdict is rendered, unless the defendant waives the postponement, or the judgment is arrested, or a new trial granted. If postponed, the court may hold the defendant to bail to appear for judgment. Unless such postponement is demanded, it shall be deemed to be waived."

In this case there was no demand; postponement was, therefore, waived, and sentence rendered immediately. It will be noted that the section quoted says nothing about entering the judgment of record; nor do we find any specific requirement to that effect in any section of the code of criminal procedure. Nevertheless, to enter the judgment of record, as soon as practicable after sentencing the prisoner was the prudent thing to do, and the same should have been done in this case. For failure to do so, however, the court did not lose jurisdiction of the case, and the sentence did not thereby become illegal. 15 R. C. L., p. 578; *Coleman et al.* v. *Roberts,* 113 Ala. 323, 21 South. 449; *Hall* v. *Tuttle,* 6 Hill (N. Y.) 38, 40 Am. Dec. 382, and note; *Sibley* v. *Howard,* 3 Denio (N. Y.) 72, 45 Am. Dec. 448; *Hickey* v. *Hinsdale,* 8 Mich. 273, 77 Am. Dec. 450, and note; *Holmes* v. *Pennsylvania R. Co.,* 74 N. J. Law, 469, 66 Atl. 412, 12 Ann. Cas. 1031; 23 Cyc. 838, par. E; 23 Cyc. 839, par. 3. Besides this, the procedure relating to justices' courts pertinent to this case is a part of the Code of Criminal Procedure, and chapter 55 of that Code (Laws 1907, section 5080) provides as follows:

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein shall render it invalid, unless it shall have

actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.''

We cannot perceive wherein the failure to enter judgment of record prejudiced the petitioner in any substantial right. The court did not thereby lose jurisdiction, nor was the sentence, if valid when rendered, thereby rendered invalid or illegal.

The second proposition upon which petitioner relies is of vastly more importance because, if petitioner's contention is sound, the ultimate purpose and very object of the law passed by the last Legislature known as the Prohibition Law will be rendered almost entirely abortive and ineffectual.

Section 21 of the statute above referred to, and under which the complaint was drawn, reads as follows:

''Any person who shall, in any street or alley, public place, store, restaurant, hotel lobby or parlor, or in or upon any passenger coach, street car, or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station, or room, or at any public gathering, drink any intoxicating liquors of any kind, or shall be drunk or intoxicated, shall be deemed guilty of a misdemeanor.''

The contention of petitioner is that to be drunk or intoxicated under that section constitutes a crime only when it occurs in some one of the places specifically named; while the respondent contends there are two offenses created by the section, one, for drinking only, which must occur at some one of the places named, and the other, for being drunk or intoxicated, which may occur at any place, whether public or otherwise.

It is also contended by the petitioner that there is no statute at all making drunkenness a crime except in the places specifically enumerated. It is admitted by respondent that there is no statute making drunkenness a crime outside of such places, unless respondent's construction of the statute in question is adopted. This contention on the one side and admission on the other presents a question of more than ordinary importance to the people of Utah.

The history of the prohibition propaganda in this state leading up to the passage of the law in question is so recent and fresh in the minds of the people as to be a matter of common knowledge. Every political party in the state, in the political campaign of 1916, declared unequivocally in its convention in favor of absolute state-wide prohibition. The Governor and every member of the Legislature, before the election, was solemnly pledged to give force and effect to these platform declarations as soon as practicable after the Legislature convened. The purpose and object of the legislation which the people' demanded was the suppression of drunkenness and intoxication in the State of Utah. The prohibition of the sale and traffic in intoxicating liquors except under the strictest and most rigid regulation was but means to the end that drunkenness and intoxication should cease to exist in every part of the state. The Legislature, by the law in question, even went so far as to make it unlawful for any person within the state to knowingly have in his possession any intoxicating liquors, except as provided in the law itself. In view of these conditions and circumstances, it seems strange and unreal, and almost unbelievable, that the Legislature could have purposely omitted to make drunkenness a crime in every part of the state wherever it might occur, whether in the streets or other public places named in the section of the statute in question, or otherwise. The suppression of drunkenness and intoxication, as above stated, was the ultimate end to be accomplished and the primary purpose for which the law was enacted. It would, indeed, be a severe impeachment of the intelligence of every member of the Legislature, the Governor, and his legal advisers, if it should develop that, after all, the law fails to make drunkenness a crime except in the places specifically mentioned.

This court, in view of the circumstances and conditions enumerated, cannot approve of the construction contended for by petitioner. If the Legislature really intended the law to mean what the petitioner contends, it was not as happy in its mode of expression as it might have been had it used a simpler and more natural arrangement of the language used to express

its intention. Had the section been made to read: "Any person who shall drink any intoxicating liquors of any kind or be drunk or intoxicated in any street, alley, public place, etc., shall be deemed guilty of a misdemeanor," there could have been but one possible meaning drawn from the language used, and that would have been the meaning now contended for by petitioner. But the Legislature did not so write the section, but wrote it in such form as to require a construction in complete harmony with what must have been its manifest intention.

We are unanimous in our opinion that the statute in question makes drunkenness and intoxication by the use of intoxicating liquors a crime, wherever and whenever it may occur at any place in the state.

It is therefore ordered that the writ be denied.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.