**UNITED STATES v. 10 BOTTLES OF SCOTCH WHISKY et al.**

**SAME v. ONE ONE-QUART BOTTLE OF GLYCERINE et al.**

Nos. 337, 338.

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

Perkins & Butler, of New York City, for appellant National Cash Register Co.

Harry Edwards, of New York City, for appellant Domestic Electric Co.

Leo De Nave, of New York City, of counsel, for appellants.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, Herbert H. Kellogg, and Emanuel Bublick, all of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

In the first case the United States filed a libel of information to forfeit chattels, seized at 1286 Bedford Avenue, Brooklyn, among which was an "ice cube Frigidaire." At that place one, Collins, "possessed" and had "custody and control" of "distilled spirits, subject to the tax imposed thereon by section 900 of the Revenue Act of 1926 [26 USCA § 245], and beer containing more than one half of one per centum of alcohol." These Collins possessed for the purpose of selling in fraud of the Internal Revenue Laws "and with design to avoid the payment of said taxes." · The chattels were found and seized "within the place and building where the spirits and beer were seized." The second libel alleged the seizure of another lot of chattels, among which was a cash register, at 140 Livingston Street, Brooklyn, where one, Powell, possessed certain liquor and beer with intent to defraud the revenue, and glycerine and alcohol to make gin for the same purpose. The chattels seized were "within the same place" as the liquor, beer and raw materials. The owner of the Frigidaire in the first suit, and the cash register in the second, appeared, made claim, and excepted to the libels for insufficiency in law. The District Judge overruled the exceptions, and decreed a forfeiture, the claimants not wishing to plead over.

In Re Hurley (D. C.) 37 F.(2d) 397, 398, Judge Adler concluded that the clause in Rev. St. § 3453 (26 USCA § 1185) "all tools, implements, instruments, and personal property whatsoever," must be confined to chattels used in the manufacture of raw materials into taxable articles with intent to defraud the revenue, and the Ninth Circuit adopted that view in Ryan v. U. S., 44 F.(2d) 951. This would dispose of the Collins suit, though not that of Powell. Judge Lowell held in U. S. v. 33 Barrels of Spirits, Fed. Cas. No. 16,470, that the articles seized must be used in aid of the unlawful purpose, but, as the case before him concerned manufacture, he had no occasion to say, and did not, whether the section applied when no manufacture took place. Judge Choate, in U. S. v. 16 Barrels of Distilled Spirits, Fed. Cas. No. 16,300, had before him a case involving the possession of finished spirits, possessed with intent to defraud the revenue, and he held that all personal property on the premises was confiscable, regardless of its connection with the unlawful purpose. He ameliorated the severity of the result by construing "place or building" as including only those parts of the premises occupied by the possessor of the liquor. In U. S. v. One Ice Box (D. C.) 37 F.(2d) 120, Judge Woodward held confiscable the paraphernalia of a purveyor of liquors, who was not engaged in manufacture, the articles seized being, however, all in his possession in that part of the premises occupied by him. The same section was under discussion in U. S. v. Quantity of Tobacco, Fed. Cas. No. 16,106, and U. S. v. Distillery at Spring Valley, Fed. Cas. No. 14,963, but the point here at bar was not decided.

It appears to us that to construe the clause in question as limited to cases of manufacture. disregards the words, "such articles," in the clause, "in the place or building, or within any yard or inclosure where such articles or raw materials are found." 26 USCA § 1185. Except for the earlier form of this provision in the Act of 1864 (13 Stat. 240, § 48), there seems to be no room for doubt. The section begins by condemning all "articles" on which taxes are imposed. It extends this by the next sentence to "raw materials" intended for the manufacture of "articles of a kind subject to tax," and concludes by including the tools, etc., in the place "where such articles or raw materials" may be. The apparent purpose was to cover the associates of manufactured articles as well as of raw materials; nor is there any antecedent reason to impute any difference.

The Act of 1864 (13 Stat. 240, § 48) scarcely justifies the opposite view. Indeed, the clause was mere jargon, as originally enacted. It read as follows: "All tools * * *

in the place or building * * * where such articles on which duties are imposed, as aforesaid, and intended to be used by them in the fraudulent manufacture of such raw materials, shall be found." "Intended to be used by them in the fraudulent manufacture of such raw materials," does indeed more naturally refer to "tools, implements" and "instruments," but the position of the clause does not permit of such attribution. Nor does it better the sense to assume a transposition of the clause, so as immediately to follow "property whatsoever." The best escape, though it does much violence to the language, is to read the phrase as meaning, "and raw materials intended to be used by them in the fraudulent manufacture of such articles," and this is the substance of the amendment of 1866 (14 Stat. 111), when the section took its present form. Apparently the words were at once recognized as meaningless, and we think that the second version is alone to be taken as expressing the authoritative intent of Congress. Hence we hold that property is confiscable, when found in the same place or building as manufactured articles subject to tax.

▮▮ It does not follow that the libels are good. The association of the chattels seized with the illicit liquor is alleged only by inference. In Collins's case the libel alleged that "the premises 1286 Bedford Avenue" were within the Eastern District of New York, that Collins possessed the liquor "at the said premises," and that the chattels seized were "in or within the same place and building" as the liquors. In Powell's Case the allegations are in substance the same, except that the chattels are alleged to be "in or within the same place" as the liquors and raw materials. We adhere to the view of Judge Choate that the chattels must be in a part of the building occupied by the possessor of the illicit liquor, and we may add, in a part associated in use with that where the liquors are possessed. The opposite view would result in fantastic injustice which was certainly outside the purpose of the law. U. S. v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555, concerned only a brewery, and it was necessary to decide no more than that the brewery was part of the same premises as the illicit distillery which had been set up within it. Upon exception we may perhaps read the libels as alleging that Collins or Powell occupied that part of the building where the illicit liquors were found, but it seems to us an undue extension to read the words "same place" as in-

tended to mean that the other chattels were there as well. "Place" seems to have been used in the libels as the equivalent of the building at the street number mentioned, and it is consistent with the allegations that the chattels were anywhere in those buildings and that Collins or Powell were not in occupation of the part where they were. Hence, to succeed the libels must be amended to declare that the place where the chattels were seized was also in occupation of the possessor of the liquors, and was not divorced in use from that where the liquor or raw materials themselves were possessed.

This will not necessarily be enough. We do not now decide whether in addition it must appear that the chattels were in custody of the possessor, and if so, that they were being used as ancillary to the unlawful purpose. No doubt when the libels are amended the pleader will declare himself fully as to both these matters; we reserve judgment, since the questions may not arise.

Decrees reversed and causes remanded with leave to the libellant to plead over.