## UNITED STATES v. VARIOUS ITEMS OF PERSONAL PROPERTY.

### No. 1153.

District Court, S. D. Texas, Galveston Division.

May 2, 1933.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex., for the United States.

Brantly Harris and Harris & Watkins, all of Galveston, Tex., for interveners.

KENNERLY, District Judge.

This is a libel under section 1185, title 26, U. S. Code Annotated, to forfeit certain and various items of personal property seized by government officers at a liquor vending place in Galveston, Tex., including:

   (a) One automatic music box (Gabriel Entertainer).

   (b) One slot machine and table.

W. C. Atkins intervenes, claiming the music box, and Sid Musey intervenes, claiming the slot machine and table. A jury has been waived, and the parties have stipulated in writing as follows:

"The automatic music box and one slot machine and table libelled herein were seized by Prohibition Officers Alexander, Carr, Dubose and Staley on December 13, 1932, at 2412½ Avenue E, Galveston, Texas; that at the time of said seizure said Prohibition Officers seized four gallons of whiskey, two gallons of gin, eleven pints of rum, 292 pints of beer, five gallons of beer mash and a miscellaneous quantity of bottles and flasks.

"The Gabriel Entertainer, which is a phonograph with a number of records which can be played by depositing five cents in the same, was owned by intervener Atkins, said intervener leasing space for his machine at 2412½ Avenue E, paying as rent therefor one third of the gross intake of said machine; said intervener Atkins had no connection with the violation of the Prohibition Act, but operates a business of placing Gabriel Entertainers and marble machines at locations where people congregate in the City of Galveston and the City of Houston. He has paid the Federal Government tax of $5.00 on this machine.

"Intervener Sid Musey has filed claim for the slot machine and table; he is the father of Fred Musey, who is charged with the violation of the Prohibition Laws. No charge was filed against Sid Musey. Sid Musey paid a percentage of the intake of the slot machine for the privilege of leaving the same at these premises.

"The premises searched were on the ground floor and consisted of three rooms. In the middle room there was a bar. Several pints of whiskey of various sorts were seized in this middle room and also a small quantity of gin. In this middle room was a bar. The center room in which the bar was located was about 20x12. The bar was on one side of the room; the Gabriel Entertainer was back in the corner opposite from the bar and the slot machine was in front of the bar opposite from the Gabriel Entertainer. The whiskey was behind the bar. There were no Internal Revenue tax stamps on any of the liquor. This raid was made upon a search warrant obtained after the purchase of one pint of whiskey by Dubose on December 9, 1932, from Fred Musey.

"At the time of the raid, the officers arrested Fred Musey and Francis Ober, who were charged with violation of the National

Prohibition Act in connection with the operation of the premises.

"The Gabriel Entertainer was placed on the premises by Intervener Atkins under a lease, as above set forth, with the proprietor of 2412½ Avenue E and the slot machine was placed on the premises by Intervener Sid Musey under a lease as above set forth with the proprietor.

"It is further agreed that this case may be submitted on this statement of facts and written briefs to be submitted by the parties."

1. In United States v. Ryan, 284 U. S. 167, 174, 52 S. Ct. 65, 68, 76 L. Ed. 224, 228, in construing section 1185 (then section 3453, Revised Statutes), the law is thus stated: "Notwithstanding the broad language of the section, we think it may be given a reasonable construction, and the one most consistent with its apparent purpose, by the application of the principle noscitur a sociis. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words 'all personal property whatsoever' were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. See United States v. Thirty-Three Barrels of Spirits [Fed. Cas. No. 16470], supra. Here the seized articles, being the furnishings and equipment of a room in which tax-unpaid intoxicating liquors were dispensed, were incident to the sale, and were so related to the tax evasion at which the statute was aimed as to be clearly embraced within both its purpose and its words."

The difficulty is to apply the law, as thus stated, to the varying facts in different cases. Cases preceding and following the Ryan Case are illustrative and helpful. Without reviewing them here at length, I think it sufficient to say that a music box contributes (and in this instance contributed) to the comfort and entertainment of liquor buyers, a slot machine to their cupidity and entertainment, and both serve (and here served) to conceal, or aid in the concealment of, the real character of the business carried on (i. e., sale of liquor), thus facilitating such sale, and the defrauding of the United States of its revenues.

An examination of the statutes of many of the states, regulating the liquor traffic prior to the adoption of the Eighteenth Amendment, will disclose that, for these reasons, among others, music and games of chance were frequently prohibited in places or buildings where intoxicating liquor was authorized to be sold. That music and games of chance aid in the sale of intoxicating liquor was then, and is now, almost universally recognized as being true.

I think the music box, slot machine, and table were incident to the sale of liquor, and were so related to the tax evasion as to be within the statute.

Judgment for the government.