HEMENWAY & MOSER CO., et al. v. FUNK et al.

No. 6174. Decided November 1, 1940. (106 P. 2d 779.)
Rehearing Denied April 18, 1941.

*H. L. Mulliner* and *H. H. Halliday*, both of Salt Lake City, and *Cline, Wilson & Cline*, of Milford, for appellants.

*Parnell Black, D. Howe Moffat*, and *George H. Lunt*, all of Salt Lake City, for respondents.

MOFFAT, Chief Justice.

This action was brought in the District Court of the Third Judicial District of the State of Utah, in and for Salt Lake County, by appellants against respondents under the declaratory judgment statute, R. S. U. 1933, Title 104, Chapter 64, Sections 1 to 13.

The purpose of the action is to have determined, as between the parties hereto, the construction of certain parts of the Liquor Control Act. Laws of Utah 1935, Chap. 43, as amended by Laws of Utah 1937, Chap. 49, as further amended by Laws of Utah 1939, Chap. 60. The trial court found in accordance with the contention of the respondents. The assignments of error go only to the conclusions of law and the correctness of the decree or judgment entered.

Before we state what those issues are, two matters not discussed or mentioned in assignments or briefs merit attention:

1. The record discloses a "petition for Governor's consent to sue Liquor Control Commission of Utah." The named defendants, however, are: "James W. Funk, Herbert Taylor, and Henry C. Jorgensen, as the Liquor Control Commission of Utah, defendants." All the pleadings and orders found in the record refer to the respondents as defendants." The order, signed by the Governor, states:

"Now, Therefore, the above petition is allowed and written consent to the bringing of the *above entitled action* is hereby given in accordance with the provisions of Section 30 of Article 2, Chapter 43, Laws of Utah, 1935." (Italics added.)

### Section 30, referred to, reads:

"The commission may with the written consent of the governor be sued and may institute or defend proceedings in any court of law or otherwise in the name of 'Liquor Control Commission of Utah' as fully and effectually to all intents and purposes as though such commission were incorporated under such name or title and no such proceedings shall be taken against or in the names of the members of the commission, and no such proceedings shall abate by reason of any change in the membership of the commission by death, resignation or otherwise, but such proceedings may be continued as though such changes had not been made."

The Governor gave consent for the plaintiffs to sue "Liquor Control Commission of Utah" and not the members thereof pursuant to Sec. 30, supra, and not under Sec. 28, which provides:

"Except with the written consent of the governor no action or pro-
ceeding shall be taken against any member or members or against
any official or vendor of the commission for anything done or omitted
to be done in or arising out of the performance of his or their duties
under this act."

We call attention to the statute to indicate that a suit
against the Liquor Control Commission of Utah is by the
procedure prescribed by Sec. 30. In the instant case we
treat the names and references to the individual members
of the commission as surplusage and regard the action as
one against the "Liquor Control Commission of Utah."

Sec. 104-64-11, R. S. U. 1933, provides, among other
things, if a statute or state franchise or permit is alleged
to be invalid the attorney-general shall be served with
a copy of the proceeding and be entitled to be heard." ∎
The record does not disclose any service on the Attor-
ney General. Under the statute, he has the right to be
and should have been served.

The arguments raise no questions as to facts.

Appellants submit the following issues:

(a) "The issue as to the scope of the power under the 'Liquor Con-
trol Act' to seize and forfeit tangible personal property, used in con-
nection with the violations of the act."

(b) "The rights of third party claimants."

(c) "The constitutionality of the statutory provision involved."

In their complaint appellants make certain allegations
of fact relating to the use of certain enumerated personal
property.

Respondents, by answer, admit some allegations and
deny others. The matter must, therefore, be treated as an
application for construction of a statute and it is
assumed the conclusions of law and decree are sup- ∎
ported by the pleaded facts as construed by the trial
court. No errors are assigned as to the findings.

Appellants, following a classification of property made in the case of *One Hudson Super-Six Automobile, etc., et al.* v. *State,* 77 Okl. 130, 187 P. 806, divided tangible personal property into three classes, as follows:

1. Property in which there can be no recognized property right, because such property in a place of business can be used for no lawful purpose—such as whiskey glasses, syphons for dispensing whiskey, mixers and the like.

2. Property capable of and generally used for legitimate and lawful purposes, in which there exists a property right, but capable of being used for illegitimate and unlawful purposes—such as an automobile used for the transportation of liquor not bearing a state stamp, a beer vending counter, beer glasses and the like.

3. Property capable of being used only for legitimate purposes and not capable of being used for illegitimate or unlawful purposes—such as stoves for heating a building, weighing scales, pianos, and vending machines and the like.

Appellants lean heavily upon the aforementioned Hudson Automobile case, the case of *Doc & Bill Furniture Co. et al.* v. *State ex rel. Selby,* 83 Okl. 128, 200 P. 868 and *State* v. *Davis et al.,* 55 Utah 54, 184 P. 161.

The classification made or the cases referred to are not helpful. In the Hudson Automobile case, supra, the statutes were different from the statute here involved. After quoting the statute the court in the Hudson Automobile case said [77 Okl. 130, 187 P. 810]:

"If this statute, notwithstanding the expression in section 3 thereof, which contains this language, 'appeals may be allowed as in civil cases, but the possession of property *being so unlawfully used* shall be prima facie evidence that it is the property of the person so using it,' is directed solely at the property, without respect to ownership or freedom from fault or guilty knowledge of its unlawful use, such as the intent of the Legislature in the United States Statutes (section 6352, Compiled Statutes 1916 [26 U. S. C. A. Int. Rev. Code, §§ 2807, 3321]) dealing with forfeitures growing out of violations of the revenue laws, Act of Congress of March 2, 1917, c. 146, § 1, 39 Stat.

970 (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4141a [25 U. S. C. A. § 247]), dealing with forfeitures growing out of the introduction of liquor into 'Indian Country,' and the Arkansas Statutes (section 6, Act 13, of Laws of Ark. 1917), forfeiting property used in the illegal transportation of liquor, then in that event the judgment in the case is correct and should be affirmed." (Italics added.)

After discussing "absolute statutes", "Statutes in Terms Making Exceptions, or Which the Courts Have Interpreted as Containing Such", "Cases Construing Revenue Statutes", and "Decisions Construing Statutes of a Provisory Nature", the Oklahoma Supreme Court said:

"Our statute does not contain a positive provision like the 1917 Arkansas statute and the 1917 federal statute, but, instead, contains either a provision indicating an intent to expressly except from the operation thereof the property of innocent persons, or (such expression about unlawful use being prima facie evidence of ownership) indicates an intent negative in nature."

Our statute contains positive provisions. There are neither exceptions nor conditions attached to the forfeiture when the prescribed procedure has been followed and the proof shows the property was kept or used in violation of the act as hereinafter defined. The procedure relating to the arrest of an offender without a warrant and the seizure of "all tangible personal property" in the premises when the "arresting officer has reason to believe that one of the businesses conducted in the premises where the violation occurred" in his presence was discussed in the recent case of *Utah Liquor Control Commission* v. *Wooras*, 97 Utah 351, 93 P. 2d 455, 461. Sec. 165, c. 49, Laws of Utah 1937, was therein construed.

In that case, forfeiture was denied, not because the statute did not authorize forfeiture but because the violation did not occur in the presence of the officer making the seizure, or by the officer in whose presence the violation occurred. Upon the search under the warrant no liquor was found and no violation appeared. It was held the court did not

acquire jurisdiction of the property. It was there said:

"In libel actions for confiscation, where the proceeding is essentially against the property as such, the res itself must be brought before the court by and through such process as the law has decreed to place it within the power and control of the court."

Had the arresting officer, in that case reason to believe because of the sale or sales of intoxicating liquor in his presence in violation of the law that such sale or sales were connected with "one of the businesses conducted in the premise" and had seized "all tangible personal property in said premises" subject to seizure and had made his return setting forth a description of said property so seized and had designated the place where is was seized the court would then have had jurisdiction to issue a warrant commanding and directing the officer to hold the property so seized to be dealt with as provided by law relating to the forfeiture thereof according to the procedure set forth in Sec. 168.

A search and seizure warrant may not issue upon an affidavit on information based upon belief only. The information must be written and be supported by an oath or affirmation of a proper person or officer that the affiant has reason to believe that the Liquor Control ■ Act is being violated designating the place to be searched, the names of the persons participating in the unlawful act, and must state the facts within his knowledge which must be sufficient to persuade the court that there is reasonable justification for the court to authorize the proceeding thus initiated.

The scope of the power to seize and forfeit tangible personal property used in connection with a violation of the Liquor Control Act is an issue submitted.

The general purposes of the act are:

"for the protection of the public health, peace and morals; to prevent the recurrence of the abuses associated with saloons; to eliminate the evils of unlicensed and unlawful manufacture, selling and dis-

posing of alcoholic beverages * * *." Chap. 43, Laws Utah 1935, Art. 1, Sec. 2.

Experience has taught that the imposition of fines or the imposing of light sentences of imprisonment have been ineffective in eliminating the evils incident to the violation of regulative measures relating to traffic in alcohol beverages, particularly those relating to licensed operation of saloons. The traffic in alcoholic beverages vitally affects the peace, safety, health and morals of so many of the public as to be a matter of public concern.

The Liquor Control Act provides for the control of intoxicating liquor in such a way as to prevent the manufacture, sale or disposition of alcoholic beverages except through and by the agencies set up and under the supervision and control of the commission. One who has complied with the law, and is not otherwise ineligible to procure a license to purchase alcoholic beverages acquires an ownership in the liquor so purchased and may possess and use such liquor as long as he keeps within the terms of the law. As soon as an unlawful use is made of the liquor, it is then subject to seizure and forfeiture and the violator to punishment by fine or imprisonment. Property made use of in connection with a violation of the Liquor Control Act, because of the association with the violation of the act becomes subject to forfeiture in the nature of a penalty attaching thereto.

It is the use to which the property is put that renders property, otherwise lawful, rightful to have, use, and possess, subject to seizure and forfeiture.

"Except as provided by this act and the regulations, no liquor shall be sold to any purchaser except in a package sealed with the official seal as prescribed by this act and such package shall not be opened on the premises of a state liquor store or package agency." Sec. 42, c. 43, Laws Utah 1935.

No liquor shall be consumed nor be permitted to be consumed on the premises of a liquor store or package agency.

"There shall be no property rights whatsoever in any alcoholic beverages, packages, vessels, appliances, fixtures, bars, furniture and implements *kept or used for the purpose of violating, or used in violation* of, any of the provision of this act." Sec. 200, c. 43, Laws Utah 1935. (Italics added.)

By this section the other tangible personal property mentioned is in the same class as alcoholic beverages when "kept or used for the purpose of violating, or used in violation" of the act. It would therefore seem that when the property is "kept or used *for the purpose of violating, or used in violation*" of the act it becomes contraband. The purpose for which it is kept or used in connection with the business or the use to which it is put classifies it.

By Sec. 165, the officer having power to serve criminal process when a violation shall have occurred in his presence is charged with the duty of arresting the offender, and "if such arresting officer has reason to believe *that one of the businesses conducted in the premise where* the violation occurred was in violation of any of the provisions" (italics added) of the Liquor Control Act it then becomes the duty of such officer to "seize all tangible personal property in said premises." The officer shall forthwith make a return to the court of the property seized, whether the property was seized by the officer because of a violation committed in his presence (Sec. 165, Chap. 49, Laws of Utah 1937) or in pursuance of a search warrant lawfully issued by the court (Sec. 164, Chap. 43, Laws of Utah 1935), which property shall then be proceeded against.

Sec. 200, Chap. 43, Laws of Utah 1935, is a section referring to property that may be subjected to seizure with or without a warrant and is in the nuisance part of the act. There shall be no property rights, in property used in maintaining a nuisance as defined by the act.

Sec. 164, supra, and Sec. 165, supra, declare what property the officer shall seize and to the court make a return. When the officer is proceeding under authority of a search

warrant lawfully issued he is commanded to thoroughly search the place and

"on finding *alcoholic beverages in unlawful possession or use* * * * to seize such alcoholic beverages, with the vessels containing them, and all implements, furniture and fixtures used or kept for such illegal acts." (Italics added.)

When the violation occurs in the presence of the officer and

"such arresting officer has reason to believe that one of the businesses conducted in the premise where the violation occurred was in violation of * * * this act he shall seize all tangible personal property in said premises." (Sec. 165)

Sec. 168, Chap. 49, Laws Utah 1937, sets forth the procedure to be followed after seizure.

The legislature has declared that all tangible personal property found upon the premises where a violation of any of the provisions of the Liquor Control Act has occurred, is subject to seizure, if the violation occurs in the presence of the officer and he has reason to believe that one of the businesses conducted upon those premisses is in violation of the act. But that property is not subject to forfeiture unless the court finds that the use of that property was in violation of the act or tends to aid or further the business, a part of which is connected with a violation of the act, so as to become a part of that business. In other words, the act does not contemplate a forfeiture of all the property simply because it is on the premises. It recognizes that two distinct businesses may be conducted upon the premises neither of which is part of or in furtherance of the other; and in which case the illegality of one business would not affect the property of the other.

Proof of the violation of the act in the absence of a contest is sufficient to justify a decision by the court against the property, or in case of a contest to compel the claimant

to prove that his property was not so used in violation of the act, or as a part of the business wherein part of the business was a violation of the act; or that a business in violation of the act was not conducted upon the premises.

The statute relating to search, seizure, confiscation and forfeiture makes no reference to the owner or who may be the owner of the property but does refer to "any person claiming any interest in such alcoholic beverages, or tangible personal property, or any part thereof" and any such person may appear and show cause why the same should not be forfeited. § 168.

The occupant of the premises, or operator of the business, may not be the owner of the property seized. This raises the question as to whether property loaned to one and used in violation of the act or such other property seized as may be subject to vendor's liens, conditional retention of title, chattel mortgage or other liens is subject to forfeiture when properly seized and returned to the court pursuant to the act for a violation thereof. Such property may be so seized.

Interested persons may appear and make written plea that such alcoholic beverages or tangible personal property claimed were not kept or used in connection with the business wherein violation of this act was a part of the business, where the violation took place.

In this case we are not concerned with those provisions of the Liquor Control Act when property is used in the maintenance of a nuisance. The case of *State* v. *Kallas,* 97 Utah 492, 94 P. 2d 414, holds that proof of a single sale will not establish the corpus delicti where one is charged with maintaining a common nuisance in violation of Sec. 195, Chap. 43, Laws Utah 1935, as amended by Chap. 49, Laws Utah 1937, and subjecting property to forfeiture. A sale in connection with the business in the presence of the officer is sufficient to authorize the officer

to arrest the offender for violation and seize the property subject to seizure.

Confiscation and forfeiture of the liquor involved in a violation would not be an effective weapon with which to combat the bootlegger, the speak-easy or other illicit dealer in alcoholic beverages in violation of the statute.

The rule announced or approved in *State* v. *Davis,* 55 Utah 54, 184 P. 161; *Kolb* v. *Peterson,* 50 Utah 450, 168 P. 97, as to a liberal construction of the statute is approved. If we were required to go beyond the plain and ordinary meaning of the language of the statute, it is sufficient to say as provided by the statute itself that the protection of the public health, peace and morals; the prevention of the recurrences of abuses known to be associated with saloons; the elimination of the evils of unlicensed and unlawful manufacture, sale and disposition of alcoholic beverages were the purposes of the statute and that all of the provisions of the Liquor Control Act should be liberally construed.

Whether property seized or any part of it shall be forfeited is a matter for the court to determine from the evidence. It shall be forfeited unless any claimant proves to the satisfaction of the court that the tangible personal property or some parts thereof was not used in connection with the operation of the business conducted on the premises wherein violation of the act was a part of said business where said personal property was seized. Sec. 168, supra.

The declarations of the statute and the procedure for seizure and forfeiture make no references to ownership but gives all "claimants" an opportunity to be heard. It is the use or purpose for which it is kept as shown by the proof that renders the property contraband under the act. Sec. 168 provides for notice and procedure in the event there are third party claimants. Proof of the existence of a lien, vendor title retention, loan or other permissive use of the property by a violator carries with it the risk of the owner, lienholder, or other type of claimant that property if sued

in violation of the Liquor Control Act may be subject to loss by forfeiture.

The property is, under the statute, brought before the court in an action against the property. Any one claiming an interest in or title to or a lien upon such property is entitled to appear and be made a party, present his plea in writing and as in an injunction proceeding where it is sought to enjoin a violation of the act show that

"such alcoholic beverages, or tangible personal property, or any part thereof, claimed by him were not *kept or used in connection with any business* wherein violations * * * were part of said business." (Italics added.)

Vending machines, used only for vending the product, may be or may not be regarded as contraband, depending upon the use made, purpose for which kept, whether an aid or inducement or used in connection with the operation of the business. A case of tomatoes in which ■ were packed a can or two of alcoholic beverages labeled as tomatoes would subject the whole case to confiscation and forfeiture. The tomatoes were a contrivance or escort used to violate the law. *Maley* v. *Heichemer et al.,* 81 Colo. 379, 256 P. 4.

Under the revenue laws property used in connection with the business in violation of the law has been held subject to confiscation. *United States* v. *10 Bottles of Scotch Whiskey et al.,* 2 Cir., 48 F. 2d 545, a cash register, refrigerator and other articles; *United States* v. *Various Items of Personal Property, D. C.,* 3 F. Supp. 392, an automatic music box, a slot machine, a table; *United States* v. *Joseph Stowell et al.,* 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555, a distillery case; *J. W. Goldsmith Jr.-Grant Co.* v. *United States,* 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, an automobile owned by an innocent third party used in violation of the revenue laws was forfeited; also *State* v. *Eccleston et al.,* 133 Kan. 354, 299 P. 646, 647, in which it was held that the "claim of a mortgagee of an automobile put to illegal use will not prevent its forfeiture under the statute."

We are of the opinion that sections of the act attacked are constitutional.

Under the issues as submitted and the findings of the court thereon, said property was used in connection with a business or part of a business conducted in violation of the act upon the premises.

We are of the opinion the judgment of the lower court should be modified in accordance with the views expressed herein and with such modifications is affirmed. Such is the order.

Costs to respondent.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.