513 P.2d 427

**LIQUOR CONTROL COMMISSION OF UTAH, Plaintiff and Appellant,**

v.

**ONE 1968 BUICK RIVIERA and Certain Intoxicating Liquor, Defendants and Respondents.**

**No. 13043.**

Supreme Court of Utah.

Aug. 20, 1973.

Vernon B. Romney, Atty. Gen., William T. Evans, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellant.

W. Jeffrey Fillmore and Irving H. Biele, Biele, Jones, Murphy & Haslan, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

The Liquor Control Commission appeals from an order of the district court denying forfeiture to the State of a certain motor vehicle seized pursuant to Section 32–8–16 U.C.A.1953.

This proceeding was initiated in accordance with Section 32–8–20, U.C.A.1953, which provides for a hearing to show cause why alcoholic beverages and tangible personal property seized under Section 32–8–16 should not be forfeited. The notice and order to show cause alleged that on May 14, 1972, officers of the Salt Lake City Police Department in connection with two informants observed an employee of the Dine-A-Ree take from the trunk of a 1968 Buick Riviera certain liquor, which was immediately sold to the informants inside the Dine-A-Ree. The sale was in violation of the Liquor Control Act. A search warrant was obtained pursuant to Section 32–8–16 for the 1968 Buick and was executed on May 20, 1972. The car was searched and four mini-bottles were found in the trunk and seized. A half-pint bottle of vodka with one-quarter of its contents remaining was found in the glove compartment of the vehicle and was seized. At an unidentified location in the vehicle a carton which had the capacity to hold twelve mini-bottles was found and seized. The notice concluded with a pleading that the liquor and vehicle were being used in violation of Section 32–1–1 et seq., U.C.

A.1953 and that claimants should show cause why the items seized should not be forfeited.

Valley State Bank and Trust Company entered an appearance and claimed a security interest in the vehicle. The trial court found that the vehicle was subject to an installment sale security agreement, creating a lien in favor of the claimant, bank; such lien had been perfected by filing with the Utah State Tax Commission prior to the event giving rise to the forfeiture proceeding. The unpaid balance due and owing under the security agreement was greater than the value of the car. The State produced no evidence that the bank had knowledge that the vehicle was being used for any alleged unlawful or illegal purpose.

The trial court ruled that any interest in the vehicle of the State was subject to and subordinate to the claim and interest of the bank. The State was ordered to surrender possession to the bank.

The State appeals on the ground that Section 32–8–20 provides for the forfeiture of tangible personal property without regard to the interest of any third party claimant, even though such third party had no knowledge of any use in violation of the Liquor Control Act. The State relies on Hemenway and Moser Co. v. Funk,[1]

wherein this court stated that it is the use or purpose for which the property is kept as shown by the proof that renders the property *contraband* under the act. " . . . Proof of the existence of a lien, vendor title retention, loan or other permissive use of the property by a violator carries with it the risk of the owner, lienholder, or other type of claimant that property if used in violation of the Liquor Control Act may be subject to loss by forfeiture."

In the Hemenway case[2] this court cited Section 200, c. 43, Laws of Utah 1935[3] and explained that by this section the other tangible personal property mentioned in the same class as alcoholic beverages, when kept or used for the purpose of violating or used in violation of the act, becomes contraband.

Section 32–8–51, U.C.A.1953, provides:

There shall be no property rights whatsoever in any alcohol beverages, packages, vessels, appliances, fixtures, bars, furniture and implements kept or used for the purpose of violating, or used in violation of, any provision of this act.

The legislature has thus specifically identified the tangible personal property which may be deemed contraband and in

---

1. 100 Utah 72, 85–86, 106 P.2d 779, 785 (1940).

2. At p. 82 of 100 Utah, 106 P.2d 779.

3. Sec. 32–8–51, U.C.A.1953.

which no one including lien claimants may successfully urge a property right, if the improper use be proved.

Section 32–8–16, U.C.A.1953, under which the warrant and seizure of the subject vehicle in the instant action was obtained, specifies the items to be seized as follows: "such alcoholic beverages, with the vessels containing them, and all implements, furniture and fixtures used or kept for such illegal acts." These items are of the same class as those deemed contraband in Section 32–8–51. Section 32–8–20, provides the procedure following seizure under Section 32–8–16, and identifies the items subject to forfeiture as "alcoholic beverages and tangible personal property." The State has assumed that the Buick automobile, as tangible personal property, was subject to forfeiture. However, the legislature by its specific designations in Section 32–8–16 and 51 has narrowed and identified those items deemed contraband and subject to forfeiture; the subject vehicle is not included therein. Furthermore, the legislature has specifically provided for the consequences and penalties in Section 32–8–46, when alcoholic beverages are sold or stored in any "boat" or "vehicle" in violation of the Liquor Control Act. Forfeiture under Section 32–8–20 is not one of the consequences.

In State v. Davis [4] this court interpreted Section 3350, Comp.Laws 1917, which had substantially similar provisions to Section 32–8–46, U.C.A.1953. This court explained that section 3350 had reference to a fixed or definite place so that a boat on which liquors were stored, or from which they were sold, was a place, and an automobile was under the law, deemed a place, when used as a place of storage or sale.

In the instant action, the ground for forfeiture was the storage and sale of liquor from the subject vehicle in violation of the Liquor Control Act. The legislature has not designated such a penalty under the facts and circumstances indicated in the instant record. The order of the district court is affirmed except for the provision granting plaintiff any right of forfeiture under Section 32–8–20 of the interest in the vehicle inferior to the bank's rights. No costs awarded.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

4. 55 Utah 54, 60, 184 P. 161 (1919).